UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br> v. )<br>  )<br>CESAR CRUZ, )<br>    Defendant ) | Criminal No. 05-30042-MLW |

MOTION IN LIMINE TO PRECLUDE THE COMMONWEALTH
FROM IMPEACHING THE DEFENDANT'S CREDIBILITY
WITH EVIDENCE OF PRIOR CONVICTION(S)

The Defendant moves, pursuant to M.G.L. c. 233 §21, that this Honorable Court rule that the Commonwealth may not use the Defendant's prior convictions to impeach his credibility.

As grounds therefor, the use of such conviction(s) would be so prejudicial as to effectively eliminate the Defendant's right to testify in his own defense. In addition, such evidence is not probative and any value it might have is far outweighed by the prejudicial effect it has on the Defendant.

The threat of using the criminal record of a Defendant to impeach his testimony has a significant impact on whether the Defendant will or will not take the stand in his own defense. The deprivation to the Defendant of not being able to testify is obviously great. "... [J]ustice ... would be advanced if the Defendant was not demoralized from taking the stand by fear that a prior conviction would overshadow the positive aspects of his testimony." United States v. Oakes, 565 F.2d 170, 173 (1st Cir.1977).

Even if this Honorable Court were to give the jury limiting instructions, the resulting harm of permitting the introduction of the convictions in the first place would not be abated; the prejudicial effect of such introduction being so overwhelming.

The Court is given the authority to grant this motion in Commonwealth v. Chase, 372 Mass. 736, 750, 363 N.E.2d 1105, 1114-1115 (1977), wherein the Supreme Judicial Court stated that "...

we would not deny the right of a judge to avoid any question of unfairness by excluding such evidence in a situation where the likely prejudice to the Defendant is most intense. Such a case would arise most commonly where the evidence of a prior conviction of the Defendant (as opposed to another witness) is offered, the crime charged and the prior crime are similar, and those crimes do not bear directly under disposition of the Defendant to tell the truth." See also Commonwealth v. Drumgold, 423 Mass. 230, 249, 668 N.E.2d 300, 314 (1996) ("[W]e have recognized a danger that unfair and improper inferences may be drawn by the fact finder if a prior conviction is *substantially similar* to the crime charged.") (emphasis in the original), See also Commonwealth v. Maguire, 392 Mass. 466, 470, 467 N.E.2d 112 (1984); Commonwealth v. Roucoulet, 22 Mass.App.Ct. 603, 608, 496 N.E.2d 166 (1986) "(It is all too easy for a jury to surmise that if a Defendant earlier committed a crime, he probably committed the crime for which he is being tried, particularly if the crimes are similar.") (quoting Commonwealth v. Guilfoyle, 396 Mass. 1003, 1004, 485 N.E.2d 679, 680 (1985)).

The provision of limiting instructions to the jury cannot defray the prejudice to the defendant; the resulting harm of permitting the introduction of the convictions in the first place would not be abated since the prejudicial effect of such introduction is overwhelming.

THE DEFENDANT

/s/ Joseph A. Franco, Esq.
By His Attorney
Joseph A. Franco, Esq.
BBO# 543038
51 Park Avenue, Suite 7
West Springfield, MA 01089
Tel: (413) 737-2675
Fax: (413) 747-1721