UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
|                                                                 ) | |
| vs.                                                            ) | CRIMINAL DOCKET NO. 05-30042-MLW |
|                                                                 ) | |
| CESAR CRUZ,                                      ) | |
|         Defendant                                   ) | |

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS**

Defendant Cesar Cruz request that the Court instruct the jury as follows:

**A.      CONSPIRACY**

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. To sustain the charge of conspiracy, the government must prove:

First, that the conspiracy as charged in Count One existed;

Second, that the defendant knowingly became a member of the conspiracy with an intention to further the conspiracy ; and

Third, that an overt act was committed by at least one conspirator in furtherance of the conspiracy at a time after the agreement to form the conspiracy had been made.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty. If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

The government must prove beyond a reasonable doubt that the defendant was aware of the common purpose and was a willing participant.

B.   **CONSPIRATOR'S LIABILITY FOR SUBSTANTIVE CRIMES COMMITTED BY OTHER CO-CONSPIRATORS**

A conspirator is a person who knowingly and intentionally agrees with one or more persons to accomplish an unlawful purpose. A conspirator is only responsible for offenses committed by his fellow conspirators if he was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of and as a foreseeable consequence of the conspiracy.

Therefore, only if you find beyond a reasonable doubt that the defendant was a member of a conspiracy with Ricardo Diaz on or about January 5, 2005, at the time that Ricardo Diaz allegedly possessed and distributed cocaine as part of and as a foreseeable consequence of that conspiracy, may you find the defendant Cesar Cruz guilty of those offenses solely on the basis of his membership in the alleged conspiracy.  If you do not find beyond a reasonable doubt that the defendant was a member of a conspiracy with Ricardo Diaz on or about January 5, 2005, you may only find him

guilty of the offenses charged in Count Two if you find, beyond a reasonable doubt, that he was an actual participant in possessing the cocaine, intending to distribute cocaine, or distributing cocaine.

See Pinkerton v. United States, 328 U.S. 640, 647-48 (1946);

**C.   WITNESS CREDIBILITY**

**Caution in Assessing Testimony of Paid Informant Witness**

You have heard the testimony of Julian Rios a/k/a "Starkist". He provided evidence under agreements with the Government, participated in the crime charged against the Defendant and received money and other benefits from the government in exchange for providing information and testimony.

You must examine the testimony of a person in this position with particular caution and with greater care than you do the testimony of an ordinary witness. Mr. Rios may have had reason to make up stories or exaggerate what others allegedly did because he wants to help himself. You should scrutinize his testimony to determine whether or not it is colored in such a way as to place guilt upon Mr. Henry in order to further his own interests. You should receive this testimony with suspicion and you may give it such weight, if any, as you believe it deserves.

Sources: First Circuit Pattern Instruction 2.08, Caution as to Cooperating Witness/Accomplice/Paid Informant; Sand, Modern Federal Jury Instructions, Instr. 7-9 at 7-35. See United States v. Hernandez, 109 F3d 13, 17 (1st Cir. 1997)("with greater caution"); United States v. Skandier, 758 F2d 43, 46 (1st Cir. 1985)("scrutinized with particular care".)

3

**Informant Witness' Interests In Outcome of Trial**

You are also advised that if an informant is also a user or seller of illegal drugs or narcotics, there are additional reasons why his testimony should be considered with great care. A drug user may have a physical or psychological need for a supply of drugs and for money to support his use of them. His opportunity for regular access to drugs may depend upon his maintaining his status as a confidential informant or witness. A similar consideration may affect an informant witness who sells drugs or who receives regular payments from the government. These are special circumstances which you may consider in weighing testimony of this kind. After considering all of the circumstances under which such a witness has acted and testified, you may give the testimony such weight as you think is proper, using your common sense and life's experiences.

Sources: Government of the Virgin Islands v. Hendricks, 476 F2d 776 (3rd Cir. 1973); Government of the Virgin Islands v. Ventura, 476 F2d 780 (3rd Cit. 1973); United States v. Bailey, 451 F2d 181 (3rd Cit. 1971); United States v. Lee, 506 F2d 111 (D.C. Cir. 1974) cert. den. 421 U.S. 1002 (1975); United States v. Kinard, 465 U.S. 566 (D.C. Cir. 1972).

**Immunized Witness**

The testimony of a witness who admits involvement in a crime for which the government has promised or given him formal immunity from prosecution must be examined with particular caution. Such a witness may have reason to make up stories or exaggerate what others did because the witness wants to make sure he receives the immunity he has been promised. After considering all of the circumstances under which such a witness has acted and testified, you may give the testimony such weight as you think is proper, using your common sense and life's experiences.

Sources: Johnson v. United States, 506 F2d 640 (8th Cir. 1974), cert. denied, 420 U.S. 978 (1975); United States v. Garcia, 528 F2d 580 (5th Cir. 1976); United States v. Swiderski, 539 F2d 854 (2nd Cir. 1976); United States v. Hill, 470 F2d 361 (D.C. App. 1972).

D.  **LAW ENFORCEMENT WITNESS**

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves. *Bush* v. *United States*, 375 F.2d 602 (D.C. Cir. 1967).

E.  **BURDEN OF PROOF DISTINGUISHED FROM ASSESSMENT OF CREDIBILITY OR TRUTHFULNESS**

The defense has no burden to prove the truthfulness or credibility of defense witnesses and/or the falsity or lack of credibility of the prosecution's witnesses. Instead, the prosecution has the burden of proving that the evidence is sufficiently credible to prove every element of the charge beyond a reasonable doubt. If, after considering all the evidence, any juror who has a reasonable doubt as to any [essential fact] [element of the charge] must give the defendant the benefit of that doubt and vote to acquit. In other words, ". . . the question in a criminal case is not whether the defendant committed the acts of which he is accused. The question is whether the Government has carried its burden to prove its allegations . . . ."

Mitchell v. United States, 526 U.S. 314, 328 (1999).

                                          Respectfully submitted,
                                          CESAR CRUZ

                                          _____
                                          By His Attorney
                                          Joseph A. Franco, Esq.
                                          BBO# 543038
                                          51 Park Avenue, Suite 7
                                          West Springfield, MA 01089
                                          Tel: (413) 737-2675
                                          Fax: (413) 747-1721

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 11, 2006.

_____

Joseph A. Franco, Esq.