```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA   )
                           )
                           )
         v.                )       CRIM. NO. 05-30042-MLW
                           )
CESAR CRUZ,                )
and                        )
RICARDO DIAZ,              )
     Defendants.           )
```

### TRIAL BRIEF OF THE UNITED STATES

The United States, by its undersigned attorney, respectfully submits this trial brief to identify relevant issues in accordance with the Court's Pretrial Order. The trial of this matter is scheduled to begin on May 1, 2006.

### I.   SUMMARY OF GOVERNMENT'S CASE

On June 9, 2005, a grand jury in this district returned a three-count indictment against Ricardo Diaz ("Diaz") and Cesar Cruz ("Cruz"). Count one alleged that Cruz and Diaz conspired to possess with the intent to distribute and to distribute cocaine hydrochloride in January of 2005, in violation of Title 21, United States Code, Section 846. Count two alleged that Diaz and Cruz possessed with the intent to distribute and distributed cocaine hydrochloride, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2 (aiding and abetting). Count three alleged Diaz possessed with the intent to distribute and distributed cocaine

1

base in the form of crack cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

The indictments arose from two controlled purchases of controlled substances. First, on January 5, 2005, the FBI arranged for a cooperating witness ("CW") to purchase cocaine from Cruz and Diaz at Cruz's apartment in Springfield. ON this date, the CW knocked on the apartment door, and Cruz invited the CW into his apartment. The CW observed a large quantity of cocaine, an apparent cutting agent (white powder), packaging materials, and a scale, in plain view on a coffee table. An individual later identified as Diaz was weighing and packaging the cocaine for resale. The CW requested approximately 10 grams of cocaine. Diaz took the CW's money, counted it, and nodded to Cruz. Cruz then handed a bag of cocaine powder to the CW. When the CW mentioned that he needed "cut," Cruz placed some white powder in the bag with the cocaine. The transaction was recorded - both audio and video - by a recorder that was concealed on the CW's body. The conversation was mostly in Spanish.

Cruz had several open warrants for his arrest at the time of this transaction. Troopers from the Massachusetts state police arrested Cruz the following day, on January 6, inside the same apartment in which the CW bought the cocaine the prior day. Diaz was present when the troopers arrested Cruz.

Diaz called the CW on January 7, the day after Cruz's arrest, to inform him that the police had not recovered their [Cruz's and Diaz's] stash of cocaine during Cruz's arrest. Diaz indicated he wanted to sell it quickly in order to pay for Cruz's lawyer. The CW told Diaz that he was interested, and that he would call him on a later date. This call was not recorded.

In March 2005, Diaz called the CW to inform him that he was back in business, this time on Allendale Street in Springfield. The CW told Diaz he was interested in purchasing crack cocaine, and he told Diaz that he would pay Diaz a visit once he collected money from his customers. On March 30, 2005, the FBI arranged for the CW to make a controlled purchase of crack cocaine from Diaz. The CW met Diaz outside 51 Allendale Street. Diaz brought the CW into the common basement area of 51 Allendale Street. Diaz then removed approximately 10 grams of cocaine base in the form of crack cocaine from a small tin box hidden in the basement. The box contained a significant amount of powder cocaine and cocaine base. Diaz sold ten grams of crack cocaine to the CW for $320. The transaction was recorded - both audio and video - by a recorder that was concealed on the CW's body. The conversation was mostly in Spanish.

I.   [PROPOSED] STIPULATIONS OF FACT

The government has proposed to the Defendant stipulations regarding the results of the drug testing performed by the Drug

Enforcement Administration ("DEA") of the cocaine and cocaine base seized in connection with the underlying incident. The Defendants have not yet indicated whether they will stipulate. If the parties agree to any stipulations, they will file them with the Court before trial.

### III.  ANTICIPATED EVIDENTIARY ISSUES

1. Rule 404(b) issues

The government has filed notice of its intention to introduce evidence of the Defendant Cruz's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident pursuant to Rule 404(b). The evidence includes the Defendant Cruz's statements during a consensually-recorded telephone conversation while he was jail, and the Defendant Cruz's prior convictions for controlled substance offenses. In addition, Cruz's arrest in his apartment on January 6, 2005, the day following the drug deal alleged in count one and two of the indictment that occurred in the same apartment, is relevant proof of his identity.

2. Recordings and Transcripts of Conversations in Spanish

The Government has filed a motion to allow the use of transcripts of the consensually-recorded conversations in this case as substantive evidence pursuant to United States v. Rengifo, 789 F.2d 975, 983 (1st Cir. 1986).

**IV.   JURY VOIR DIRE QUESTIONS**

The government's proposed jury voir dire was filed on April 11, 2006.  Both Defendant's also submitted proposed voir dire on April 11, 2006.

**V.   PROPOSED JURY INSTRUCTIONS**

The government's proposed jury instructions were submitted to the Court on April 11, 2006.  Both Defendant's also submitted proposed jury instructions on April 11, 2006.

**VI.   SPECIAL ARRANGEMENTS**

The government is not making any requests for special arrangements for trial at this time.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By:   /s/ Paul Hart Smyth
      Paul Hart Smyth
      Assistant U.S. Attorney
      Federal Courthouse
      1550 Main Street
      Springfield, MA
      (413)785-0106


Dated: April 12, 2006