UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA** )
                              )
                              )
         **v.**                 )          **CRIM. NO. 05-30042-MLW**
                              )
**CESAR CRUZ**                )

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
IN LIMINE TO PRECLUDE IMPEACHMENT BY PRIOR CONVICTIONS
AND MOTION TO SEAL**

The government opposes the Motion in Limine of defendant Cesar Cruz to preclude the introduction into evidence of all but one of his prior criminal convictions in the event that he takes the stand. In a case in which the defendant wants the credibility of witnesses to be *the* crucial determinate, the Court should allow the jury to get a realistic picture of Cruz's criminal record (which, as indicated below, includes several convictions and demonstrates that he is less likely than most to be deterred from lying under oath).

That being said, the government understands the risk of a propensity inference being drawn in those cases in which Cruz's prior convictions for narcotics trafficking are similar to the charges here. To address that concern, the government proposes to limit its inquiry to establishing that Cruz was convicted of a "felony" or "misdemeanor" (type unspecified, except as set forth

below) in a particular court, on a particular date.[1] This procedure, which has previously been used in this district, will eliminate any prejudice flowing from the specifics of Cruz record while giving the jury a realistic basis on which to assess his credibility, See United States v. Gignac, 119 F.3d 67, 69 (1st Cir. 1997) ("At the close of the conference the district court told the parties that if defendant took the stand, the government would be permitted to establish that there were five previous felony convictions and the dates, but that the government would not be allowed to show 'the specifics of the charges on those previous convictions.'")

This case involves a conspiracy to possess with intent to distribute and the distribution of cocaine. The defendant and co-defendant Ricardo Diaz sold a quantity of cocaine to a cooperating witness (hereinafter "CW") on January 5, 2005 at approximately 3:00 p.m.  On that date, the CW called Cruz and arranged to meet at Cruz's house located at 57 Hollywood Avenue, Springfield, Massachusetts. The CW then proceeded to the house, and was allowed entry by Cruz. Once inside, both Cruz and Diaz spoke with the CW regarding the amount of cocaine that was going to be sold, whether "cut" was going to be used, and the prices.[2] Eventually, they all

---

[1] The Court may wish to consider an instruction to the jury about the meaning/definition of "felony."

[2] This transaction was recored on a CD which was transmitted from a body wire worn by the CW.

settled on a quantity and price and Cruz handed the CW the cocaine. The CW then left the location and met up with the case agent, Special Agent Mark Karengekis, whereupon the CW turned over the purchased cocaine to Karengekis.

The events of January 5, 2005, is only the latest chapter in a serious and lengthy criminal history on the part of the defendant. As is indicated by the criminal history, the defendant's record includes 4 prior adult felony convictions and a misdemeanor conviction going back to 1994.[3] His Massachusetts record includes two prior felony drug convictions, one violent felony assault and battery conviction, and yet another misdemeanor conviction for drug possession and other motor vehicle related crimes. In most of these cases Cruz received jail sentences.

Based on the anticipated defense being proffered by Cruz, the credibility of witnesses in this case will be the paramount issue for the jury's determination. As a result, the defendant has filed a motion in limine seeking to prevent the government from using any of Cruz's convictions to impeach him. He claims that FRE Rule 609 precludes the government from impeaching him with any other of his many convictions. He thus asks the Court to issue an order that would give the jury a grossly distorted picture of his criminal record and his credibility. He does so, of course, for the express

---

[3] The first adult entry on the defendant's record is dated 7/20/92 when Cruz was 19 years old.

purpose of setting up a credibility battle between himself and the CW who purchased cocaine from him. See United States v. Oakes, 565 F.2d 170, 173 (1st Cir. 1977)(admitting manslaughter conviction for impeachment purposes where defendant's credibility was central to case).

To permit the defendant to testify in this case without any scrutiny of his criminal record would be contrary to the most basic tenets of Rule 609 and the important principles it reflects. As the court stated in Cummings v. Malone, 995 F.2d 817, 826 (8th Cir. 1993): "Federal Rule of Evidence 609 is based on the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath." It follows that (within reason), a jury should know whether a witness has committed only one felony, or has continually "transgressed society's norms."

Cruz would like the jury to think that he has no criminal past whatsoever. Such a result would be a distortion of his record and would facilitate the delivery of a grossly misleading measure of his credibility to the jury. See also United States v. Moore, 917 F.2d 215, 235 (6th Cir. 1990) (armed robbery had impeachment value).

The jury should not be permitted to infer that Cruz is likely to abide by his oath because his record is inconsequential when exactly the opposite is of course the case. See United States v. Lewis, 626 F.2d 940 (D.D.C. 1980)(in upholding use of drug offense

for impeachment purposes, court noted that trial judges should be reluctant to permit a defendant to appear before a jury as a person whose character entitles him to credence when his criminal record stands as direct testimony to the contrary). To address concerns about possible prejudice reflected in Rule 609(a)(1), the government will limit its inquiry in each case to whether Combs was convicted of a "felony" or "misdemeanor" in the particular court, on the particular date.  See Oakes, 565 F.2d at 173 (upholding district court's 609 ruling where court gave limiting instructions).  See also Gignac, 119 F.3d at 69.

    The government submits that the methodology described above draws an appropriate balance between the defendant's interest in testifying and the need to permit the jury to get a realistic picture of the defendant's criminal record in the event that he takes the stand. On the one hand, precluding the government from getting into the facts of individual convictions or revealing the defendant's history of drug trafficking and violent behavior will eliminate the risk that impeachment would cause the jury to use the defendant's prior convictions as impermissible propensity evidence. At the same time, allowing the government to use the convictions identified below in the limited manner proposed will advise the jury that Cruz has a substantial record and make what ever credibility assessment they feel is appropriate.  The government expects that the Court would issue a firm limiting instruction to

to the jury to insure their use of this information be appropriate.

In support of the Motion in limine, Cruz takes the position that none of his prior convictions has any probative value in the circumstances of this case. Of course, the opposite is true, as courts have repeatedly recognized the probative value of crimes of the type at issue here under the second clause of rule 609(a)(1). See Oakes, 565 F.2d at 173  (admitting manslaughter conviction in gun prosecution where defendant created credibility issue): United States v. Brito, 427 F.3d 53 (1st Cir. 2005)(upholding use of prior drug trafficking convictions to impeach defendant who testified in felon-in-possession case);  United States v. Joost, 133 F.3d 125, 129 (1st Cir. 1998)(upholding use of conviction for conspiracy to injure and oppress resulting in death to impeach defendant; court noted that: "the nature of the conviction was relevant for the independent purpose of impeaching the credibility of the testifying defendant, and therefore was admissible"); Loehr v. Walton, 242 F.3d 834, 836 (8th Cir. 2001) (admitting prior convictions for assault and "armed criminal action" for impeachment purposes); United States v. Hernandez, 106 F.3d 737, 739 (7th Cir. 1997)(permitting prior convictions for cocaine and marijuana distribution to be used for impeachment in kidnaping prosecution); United States v. Jenkins, 2003 WL 21047761 S.D.N.Y. 2003)(permitting use of prior drug conviction to be used for impeachment purposes in felon-in-possession prosecution).  The

government will also focus on more recent convictions and reiterates the critical role that credibility will play if the defendant decides to take the stand. See Brito, 427 F.3d at 64 ("Perhaps most important, this case hinged on a credibility choice; the jury had to decide whether to believe the appellant or the police officers. The salience of the credibility issue weighs in favor of admitting the prior convictions"); United States v. Jackson, 696 F.2d 578 (8th Cir. 1982) (permitting use of firearm conviction to impeach defendant due to, among other things, the critical role that defendant's credibility would play); United States v. Nururdin, 794 F.Supp. 277, 281 (N.D. Ill 1992)(permitting use of four prior felony convictions where "defendant and the officers offered conflicting accounts of the events leading to defendant's arrest"); United States v. Barnes, 622 F.2d 107 (5th Cir. 1980) (approving use of six-year old heroin conviction for impeachment purposes where defendant's credibility was critical and his version of events directly contradicted that of prosecution witnesses).

   In accordance with the foregoing principles, the government proposes to establish the following convictions if Cruz takes the stand in his own defense.  As set forth above, the government will not mention or make any inquiry as to the type of crime or any other identifying information but will simply establish that the defendant was convicted of a felony or misdemeanor in Springfield

District Court (where all of his convictions occurred) on the following dates:[4]

1. Arraignment July 20, 1992; pled guilty 3/31/95:
   Assault and Battery with a Dangerous Weapon
   (1 felony)

2. Arraignment October 7, 1994; pled guilty 3/13/95:
   a) Docket # 9423CR10156 Distribution of a Class A Controlled Substance (heroin)
   b) Docket # 9423CR11213 Distribution of a Controlled Substance in a School Zone (heroin)
   (2 felonies)[5]

3. Arraignment November 2, 1994; pled guilty 3/13/95:
   Distributing a Class A Controlled Substance (heroin)
   Distributing a Class B Controlled Substance (cocaine)
   Possession a Class A Controlled Substance (heroin)
   (1 felony)

4. Arraignment March 13, 1995; pled guilty 3/13/95:
   Possession of a Class B Controlled Substance
   Compulsory Insurance Violation
   Attaching Wrong Motor Vehicle Plates
   Knowingly receiving Stolen Property
   (Misdemeanors: based upon the fact that receiving stolen property and attaching wrong motor vehicle plates are crimes of dishonesty, the government would seek to inquire as to the nature of those crimes.)

In the alternative, motion should be deferred until such time as the Court has heard both the defendants' cross-examination of the government witnesses and Cruz's direct examination. See United States v. Griffin, 818 F.2d 97, 104 (1st Cir. 1987) ("When, as here, the predicate examination has not been essayed, the trial

---

[4] Since Cruz pled guilty to multiple cases on the same date, they are broken down by arraignment date and/or docket number.

[5] The government seeks to address these cases as two separate felonies since they arose out of two separate dockets.

court cannot be held to its tentative forecast. As in the Luce context, it is too great a handicap to bind a trial judge to a ruling on a subtle evidentiary question, requiring the most delicate balancing, outside a precise factual context").

## **CONCLUSION**

Under Rule 609, a conviction "shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."  Here, the defendant, if he testifies, will likely to turn this case into a credibility battle between himself and the cooperating witness.  At the same time, he wants the Court to keep from the jury critical information about his own past that the jurors require to make a realistic credibility assessment. As the defense is already aware, the CW also has an extensive criminal history which will inevitably be the focus of the defense cross examination. The government recognizes that there is a careful balance to be struck between the defendant's criminal past and the jury's need to assess his credibility. However, it would be unfair to the government if the defense had the opportunity to disingenuously portray Cruz as a "law abiding citizen" whereas the CW will be viewed as a "hardened criminal".

In a case in which credibility is likely to be the determinative issue at trial based on the defendants own strategic choices, and where the possible propensity inference from the

9

specific type of crime committed has been eliminated through the procedures outline above, the probative value of the foregoing convictions outweigh any possible prejudicial effect. Accordingly, Cruz's motion <u>in</u> <u>limine</u> should be denied and the government should be permitted to inquire as proposed above.

```
                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              UNITED STATES ATTORNEY

                         By:  /s/ Sharron A. Kearney
                              SHARRON A. KEARNEY
                              ANDREW E. LELLING
                              Assistant U.S. Attorney
                              One Courthouse Way
                              Boston, Massachusetts
                              (617) 748-3687
```

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of this motion on  defense counsel by fax.

```
                              _____
                              SHARRON A. KEARNEY
```