UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v.  ] | No. 05-CR-30042-MLW |
| ] | |
| CESAR CRUZ and ] | |
| RICARDO DIAZ ] | |

**GOVERNMENT'S SUPPLEMENT TO TRIAL BRIEF**

The United States hereby supplements its trial brief, filed on April 11, 2006, as follows:

**I.     Proposed Stipulations of Fact**

The parties will stipulate that Government's Exhibit 8 is in fact a recording of a telephone conversation placed from the Hampden County Correctional Center on January 7, 2005, but not to the identities of the speakers on the call. Defendants have indicated that they will not stipulate to the drugs alleged to have been distributed in this case, to chain of custody, or to the authenticity of other video and audio recordings.

**II.    Anticipated Evidentiary Issues**

    **A.     Evidence of Unrelated Bad Acts – Rule 404(b)**

As the government stated in its trial brief, it will seek to introduce evidence of CRUZ's arrest, in his apartment, the day after an alleged drug transaction occurred at that same location; a recording of a call CRUZ made from jail the next day; and evidence of CRUZ's prior convictions. In the government's view, evidence of conversations and events surrounding CRUZ's arrest, and the jail recording, are matters intrinsic to the crimes charged in this case, and so in the first instance are not subject to Rule 404(b). CRUZ has filed a motion to prohibit any references at trial to his arrest on a unrelated warrant; the government has briefed this issue in

response.

B.  **Use of Prior Convictions & Prior Bad Acts to Impeach – Rules 608 & 609**

CRUZ has filed a motion to prevent the government from impeaching him at trial with evidence of his prior drug convictions. The government has opposed this motion, suggesting a compromise in which the government is allowed to elicit from CRUZ that, on certain dates, he has been convicted of a "felony."

The government's cooperating witness has his own share of prior convictions. Most of them, however, are over 10 years old. *See* FRE 609(b). This witness also has a pending case for assault and battery, the police report for which has been provided to defense counsel.[1] The government has advised counsel that in its view the alleged assault is not admissible under Rule 608, and has asked counsel for CRUZ to confirm whether he intends to try to introduce the incident on cross examination.

C.  **References to "Latin Kings" and to a Broader Law Enforcement Investigation**

These two defendants were part of a broader sweep in Springfield, Massachusetts, in which about 28 targets were arrested. Most of the targets, including CRUZ (but not co-defendant Ricardo Diaz ("DIAZ")), are members of the "Latin Kings," a nationwide street gang.

Aware of the potential for prejudice, the government has discussed with counsel the issue of whether the government can refer to CRUZ's gang affiliation, or to the fact of a broader investigation, in its case in chief. The parties agree that, because the government's cooperating witness was himself a member of the Latin Kings and a former associate of CRUZ, references to

---

[1] As of this date the government is also attempting to collect the reports underlying the witness's prior convictions.

gang affiliation are probably inevitable. As to the fact of a broader investigation, counsel do not appear to have any objection to references of that kind either.

No formal agreements have been reached, however; at the pretrial conference the government will seek clarification in light of the Court's views on the issue.

    **D.**    **References to Religious Beliefs or Opinions – Rule 610**

The government has filed this date a motion in limine concerning potential testimony by defendant CRUZ regarding his religious beliefs. The motion is not timely, and the government respectfully seeks leave to file it.

    **E.**    **Use of Transcripts Containing Translations from Spanish**

The government has filed a motion seeking permission to admit into evidence transcripts containing English translations of conversations occurring in Spanish. *See, e.g., United States v. Rengifo*, 789 F.2d 975, 983 (1st Cir. 1986) (holding admissible as substantive evidence English-language translations of tape-recorded conversations that originally took place in Spanish). The transcripts will present the Spanish version on one side of the page, English translation on the other. As to transcription/translation of the jailhouse recording of CRUZ on January 7, 2006, if the government's finalized transcription/translation differs materially from one created by a translator retained by CRUZ, the parties may proffer competing translations for the jury's consideration. The government also intends to redact the transcription of the January 7 recording to remove certain references that are irrelevant to this case.

As to the process of admitting and presenting recordings and transcriptions at trial, the government intends to (a) authenticate the recordings and transcriptions; (b) publish the transcriptions/translations to the jury; and then (c) play the relevant video tapes for the jury,

stopping at certain points to solicit explanations from the cooperating witness.

.      **F.      Public & Business Records – Rules 902(1), (11)**

Barring a stipulation, the government will seek to introduce business records of Sprint and Verizon Wireless through the use of a recordkeeper certification under Rule 902(11). Pursuant to that rule, defense counsel have been notified of the government's intention.

The government also intends to introduce certified records of the Massachusetts Registry of Motor Vehicles ("RMV") pursuant to Rule 902(1).

**G.      Use of Technology**

The government anticipates admitting into evidence, and playing for the jury, video/audio footage for the two drug transactions underlying this case. The video/audio is contained in data files, meaning it must be played on a laptop computer using media software. It is not convertible to standard DVD format for use in a DVD player. Thus the government recommends that, for purposes of deliberations, the jurors be informed that if they wish to replay the video/audio, they make that request to the Court, which will then bring them back into the courtroom to review the desired footage.

H.   **Demonstrative Aids**

The government intends to use at least one demonstrative aid at trial: an exhibit presenting still shots of the defendants pulled from video of each drug transaction, next to their respective RMV photographs. Both the video, in its entirety, and the RMV photographs will be admitted into evidence by the government.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

By:   */s/: Andrew E. Lelling*
      Andrew E. Lelling
      Sharron A. Kearney
      Assistant U.S. Attorneys

Date:   April 24, 2006