UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v.    ] | No. 05-CR-30042-MLW |
| ] | |
| CESAR CRUZ and  ] | |
| RICARDO DIAZ   ] | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT RICARDO DIAZ'S MOTION FOR LEAVE TO SUBPOENA PROBATE RECORDS RELATING TO CHILD SUPPORT**

The United States hereby submits this memorandum in opposition to defendant Ricardo Diaz's ("DIAZ") motion for leave to subpoena probate court records of Julian Rios.

**Background**

On April 20, 2006, the government produced to the defendants redacted copies of records relating to Mr. Rios's failure to pay child support to two women, one of them being Alba Roman.[1]  (A copy of the records related to Ms. Roman are attached at Tab 1.)  The government does not concede their admissibility on cross examination of Mr. Rios, but of course produced the information once the government became aware of it.

DIAZ wishes to subpoena Mr. Rios's entire probate record on the theory that, according to the documents produced by the government, Rios's scheduled payments to Ms. Roman were so low ($35 per week ($140 per month)) that he may have deceived Massachusetts authorities about his current income, an issue that would go to his credibility.  DIAZ states in his motion that the amount Rios has been ordered to pay "does not appear to comport with his incomes from his activities on behalf of the government as an informant."  Motion ¶ 2.

---

[1] The records were redacted to remove information revealing where Mr. Rios now lives.

**Argument**

DIAZ's motion should be denied, because there is no implication in the documents produced that Rios in fact misrepresented his income to probate authorities. As previously disclosed to defense counsel, Rios was released from prison, after 7½ years, in September 2004. The Federal Bureau of Investigation ("FBI") began paying Rios for living expenses, etc., while he assisted their investigations, in or about October 2004. Between October 2004 and April 10, 2006 – an 18 month period – Rios was paid $42,956.21, or about $28,640 a year. That is hardly high living and DIAZ has made absolutely no showing that, based on that yearly income, someone paying child support would normally be required to pay substantially more than $140 per month. Moreover, according to the documents the government produced, Rios owed Ms. Roman a total of $25,249.08 in support as of October 21, 2005, hardly an insubstantial figure.

Without some showing that the amounts Rios has been ordered to pay are unusually low considering his meager income, and especially considering the invasiveness of the request, the motion for leave should be denied. If the Court allows DIAZ to impeach Rios with his failure to make timely child support payments he certainly has sufficient information to do so without further review of Rios's private, sealed domestic matters. The government in no way alleges that counsel for DIAZ is acting in bad faith, but in light of what has already been disclosed, further review of Rios's probate record would be a fishing expedition. *See, e.g., United States v. Nixon*, 418 U.S. 683, 699 (1974) (formulating standard for allowing subpoena under Rule 17(c), including requiring relevance and admissibility; unavailability of information by other means; inability to prepare adequately for trial without the records sought; and showing that the request

is not "a fishing expedition"); *see also Stern v. U.S. Dist. Ct.*, 214 F.3d 4, 17 (1st Cir. 2000) (citing *Nixon* in context of attorney subpoena by government).

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                         By:    /s/ Andrew E. Lelling
                                        Andrew E. Lelling
                                        Sharron A. Kearney
                                        Assistant U.S. Attorneys

Date:   April 26, 2006

**CERTIFICATE OF SERVICE**

     I, Andrew E. Lelling, Assistant U.S. Attorney, hereby certify that a true copy of the foregoing Government's Opposition to Defendant Ricardo Diaz's Motion for Leave to Subpoena Probate Records Relating to Child Support, was filed by the Electronic Court Filing System (ECF) and was served upon Terry S. Nagel, Esquire, Law Office of Terry Scott Nagel, 95 State Street, Suite 918, Springfield, MA 01103, as Counsel for the Defendant, Ricardo Diaz.

                                           /s/ Andrew E. Lelling
                                           Andrew E. Lelling
                                           Sharron A. Kearney
                                           Assistant U.S. Attorneys

Date:   April 26, 2006

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT DEPARTMENT

HAMPDEN, SS.                                          DOCKET NO. 89W0017

| | |
|---|---|
| MASSACHUSETTS DEPARTMENT OF REVENUE<br>CHILD SUPPORT ENFORCEMENT DIVISION<br>on behalf of<br>DEPARTMENT OF TRANSITIONAL ASSISTANCE<br>and Alba _____<br><br>                              Plaintiff<br>         v.<br>JULIAN RIOS<br>                              Defendant | COMPLAINT FOR<br>MODIFICATION |

1. The Child Support Enforcement Division of the Massachusetts Department of Revenue brings this complaint pursuant to G. L. c. 119A, § 3 on behalf of the party(ies) named above.

2. This Court, on 08/26/1999 ordered that the defendant pay child support in the following amount:

    $35.00 to be paid WEEKLY
    Docket No.: 89W0017

3. There is an inconsistency between the amount of the existing order and the amount that would result from application of the Massachusetts Child Support Guidelines and/or there is a need to provide health insurance or other health care coverage for the benefit of the dependent child(ren). G. L. c. 119A, § 13.

4. Wherefore, the Massachusetts Department of Revenue requests that the Court order that the judgment indicated above be modified by entering a judgment ordering the defendant to:

    [ X ]   pay child support in an increased amount consistent with the Massachusetts Child Support Guidelines;

    [ X ]   provide health insurance or other health care coverage immediately for the benefit of the child(ren), if such insurance or coverage is available at a reasonable cost, or if it is currently unavailable, when it becomes available at a reasonable cost;

    and further that this Court order such other relief as the Court deems appropriate.

                                    MASSACHUSETTS DEPARTMENT OF REVENUE
                                    CHILD SUPPORT ENFORCEMENT DIVISION
                                    By its attorney,

_3/7/06_                            _[signature]_
Date                                DANIEL SCULLY
                                    COUNSEL TO THE COMMISSIONER
                                    115 STATE ST
                                    SPRINGFIELD, MA 01103-1931
                                    (413)784-1025

(P70551 09/03)

COMMONWEALTH OF MASSACHUSETTS
TRIAL DEPARTMENT
THE PROBATE AND FAMILY COURT DEPARTMENT

Hampden, ss.                                                DOCKET NO.  89W 0017

MASSACHUSETTS DEPARTMENT OF REVENUE )
CHILD SUPPORT ENFORCEMENT DIVISION )
on behalf of )
Alba Roman and the )
Department of Transitional Assistance ) COMPLAINT FOR
                                      Plaintiff ) CIVIL CONTEMPT
)
)
Julian Rios )
                                      Defendant )

1. The Child Support Enforcement Division of the Massachusetts Department of Revenue brings this complaint pursuant to G.L. c. 119A, sec. 3 on behalf of the parties named above.

2. The plaintiff is:    Alba Roman
   c/o DOR/CSE
   115 State Street
   Springfield, MA  01103

3. The defendant is:    Julian Rios

4. By order of the Court dated August 18, 1989, the defendant was ordered:

   [X] to pay support for the dependent child in the sum of $35.00 WEEKLY

   [ ] to provide health insurance or other health care coverage for the benefit of the dependent child

   and said order is still in force.

5. The defendant has not obeyed that order and

   [X] is in the aggregate more than four weeks in arrears of court-ordered child support payments

   [X] there now remains due and unpaid the amount indicated below plus such further amounts as may accrue up to the date of hearing:

   [ ] has failed to provide health insurance or other health care coverage for the benefit of the dependent child.

   Amount owed:  $25,249.08 plus penalties and interest as of October 21, 2005  (this amount represents arrears which accumulated during the time period that the dependent child was residing with the grantee relative and then with the mother)

Wherefore, the Massachusetts Department of Revenue requests that the defendant be required to appear before this Court to show cause why said defendant should not be adjudged in contempt of Court and for such other relief as to said Court may order.

Dated: ~~October 25, 2005~~ 2/7/06

                                         _____
                                         Daniel R. Scully
                                         Counsel to the Commissioner
                                         DOR/CSE
                                         115 State Street
                                         Springfield, MA 0l103
                                         (413) 784-1025

## Commonwealth of Massachusetts
### The Trial Court
__HAMPDEN__ Division       Probate and Family Court Department       Docket No. 8?6 xxx 4

### Domestic Relations Summons

Dept of Revenue, CSE who
Athy Stoner, Plaintiff
and the D.T.X.
v.
John Glios, Defendant

To the above named Defendant:

You are hereby summoned and required to serve upon __Daniel Scully__ plaintiff's attorney whose address is __95 State St, 115 State Street Springfield MA 01103__ a copy of your answer to the complaint for __modification__ (type of action) which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, the Court will proceed to the hearing and adjudication of this action. You are also required to file your answer to the complaint in the office of the Register of this Court at __Springfield__ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Witness __David M. Fuller__ ..., Esquire, First Justice of said Court

at __SPRINGFIELD__, this __2nd__ day of __March__, 20__06__.

_Thomas P. Moriarty Jr._
Register of Probate

### ACCEPTANCE OF SERVICE

I, _____, the above named Defendant hereby accept service of this summons and understand that judgment may be rendered against me in accordance with the complaint a copy of which I have received this day.

Date _____            _____
                                       Signature of Defendant

### NOTARIZATION

_____ , _____ ss      Date _____

Then personally appeared the above named _____

who made oath that the foregoing acceptance was his free act and deed.

                                       Signature of Notary Public _____
                                       Print Name _____
                                       My Commission Expires _____

CJ-D 110 (04/00)

**Commonwealth of Massachusetts**
The Trial Court
HAMPDEN Division    Probate and Family Court Department    Docket No. _____

## Proof Of Service

I hereby certify and return that on _____, 20_____, I served a copy of the within summons, together with a copy of the complaint in this action upon the within named defendant by _____
_____
_____

Date _____    Signed under the penalties of perjury,

Date of Service _____
_____
Signature of officer or other server.

Note: Service of process must comply with Massachusetts Rules of Domestic Relations Procedure Rule 4.

17/31

**Commonwealth of Massachusetts**
**The Trial Court**
HAMPDEN Division   Probate and Family Court Department   Docket No. _____

**Contempt Summons**

_____, Plaintiff

v.

_____, Defendant

To the above named Defendant:

You are ordered to appear at a Probate and Family Court to be held at ___Springfield___ in said County of ___Hampden___ on ___April 6___, 20_06_ at ___8:30 AM___ in the forenoon to show cause why you should not be held in civil and/or criminal contempt, the penalty for which may be a jail sentence.

You are hereby summoned and required to serve upon _____ plaintiff's attorney whose address is _____ your answer, if any, to the complaint which is herewith served upon you, within 7 days after service of this summons upon you, exclusive of the day of service. You are also required to file your answer, if any, to the complaint in the office of the Register of this Court at ___Springfield___ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Failure to appear on this date may result in the issuance of an order for your arrest.

Witness ___David M. Fuller___, Esquire, First Justice of said Court at ___Springfield___ this ___ day of ___March___, 20_06_.

_____
Register of Probate

CJ-D 113 (9/95)

**Commonwealth of Massachusetts**
- The Trial Court

HAMPDEN Division        Probate and Family Court Department        Docket No. ____

## Contempt Summons

_____ , Plaintiff

v.

_____ , Defendant

### Return Of Service

I certify under the penalties of perjury that on _____ , 20 ___ , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within named defendant by:

_____

_____

_____

Date _____                Signature _____

THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF REVENUE
CHILD SUPPORT ENFORCEMENT DIVISION
115 STATE STREET
SPRINGFIELD, MA   01103

NOTICE OF ADDRESS/EMPLOYER CHANGE

NAME:  JULIAN RIOS

ADDRESS: 

Re.    Massachusetts Department of Revenue, Child Support Enforcement Division on behalf of
       ALBA ROMAN and the DTA, Plaintiff v. JULIAN RIOS, Defendant

DOCKET NO: 89W0017

Dear Sir/Madam,

You have been served with a summons and complaint.  As stated in the summons, you have twenty days from the receipt of service to file an answer to this complaint with the Hampden County Probate Court, 50 State Street, Springfield, MA  01103 and, at the same time, to send me a copy of your answer at the address above.

The Summons and Complaint have been served upon you as a notification of the action filed in Probate Court.  The Department of Revenue will send you notification of the court date for a hearing on the Complaint by first class mail as soon as a date has been set.

If you have received a Contempt Summons along with your Complaint, your court date and time have already been assigned, see the front of the Contempt Summons.

**Please be informed that you are responsible to advise both the Court and the Department of Revenue in writing of any change in your address or employer during this legal action.**

Also, please be informed that if you fail to notify the Department of Revenue or the Court in the event you change your address or employer, the Department of Revenue will go forward in presenting this case at court.

Very truly yours,


Legal Department

IMPORTANTE:  POR FAVOR HAGA TRADUCIR ESTE DOCUMENTO IMMEDIATAMENTE.

THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF REVENUE
CHILD SUPPORT ENFORCEMENT DIVISION
115 STATE STREET
SPRINGFIELD, MA  01103

NOTICE OF ADDRESS/EMPLOYER CHANGE

NAME: JULIAN RIOS

ADDRESS: 

Re: Massachusetts Department of Revenue, Child Support Enforcement Division on behalf of ALBA ROMAN and the DTA, Plaintiff v. JULIAN RIOS, Defendant

DOCKET NO  89W0017

Dear Sir/Madam

You have been served with a summons and complaint. As stated in the summons, you have twenty days from the receipt of service to file an answer to this complaint with the Hampden County Probate Court, 50 State Street, Springfield, MA  01103 and, at the same time, to send me a copy of your answer at the address above.

The Summons and Complaint have been served upon you as a notification of the action filed in Probate Court. The Department of Revenue will send you notification of the court date for a hearing on the Complaint by first class mail as soon as a date has been set.

If you have received a Contempt Summons along with your Complaint, your court date and time have already been assigned, see the front of the Contempt Summons.

Please be informed that you are responsible to advise both the Court and the Department of Revenue in writing of any change in your address or employer during this legal action.

Also, please be informed that if you fail to notify the Department of Revenue or this Court in the event you change your address or employer, the Department of Revenue will go forward in presenting this case at court.

Very truly yours,

Legal Department

IMPORTANTE:  POR FAVOR HAGA TRADUCIR ESTE DOCUMENTO IMMEDIATAMENTE