UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ] | |
| | ] | |
| v. | ] | No. 05-CR-30042-MLW |
| | ] | |
| CESAR CRUZ and | ] | |
| RICARDO DIAZ | ] | |

**GOVERNMENT'S NOTICE UNDER RULE 404(b), AND MOTION IN LIMINE, REGARDING DRUG USE OF DEFENDANT CESAR CRUZ**

At trial in this matter the government may wish to elicit from its cooperating witness, Julian Rios, that Rios used cocaine with defendant Cesar CRUZ at some point between September 2004 and January 2005.

This evidence is admissible under Federal Rule of Evidence 404(b) because, while it is a prior bad act, it helps prove CRUZ's knowledge of, and facility with, cocaine. Those facts are relevant because CRUZ is charged with conspiracy to distribute cocaine and possession with intent to distribute that substance. *See, e.g.*, *United States v. Gipson,* 446 F.3d 828, 831 (8th Cir. 2006) (prior possession of other drugs not charged in the indictment, "even in an amount consistent only with personal use," admissible to show "knowledge and intent of a defendant charged with a crime in which intent to distribute drugs is an element") (citations omitted). The act of using cocaine is in fact "specially probative" of CRUZ's involvement in the offenses charged. *See United States v. Smith*, 292 F.3d 90, 99 (1st Cir. 2002) (discussing two pronged approach to admissibility under FRE 404(b), *i.e.*, a showing that the evidence is probative, followed by balancing under FRE 403).

Nor does FRE 403 bar admission of this evidence.  The defendant's obligation in advancing any such argument would be to show that the prejudice to him from admitting these facts is "*unfair*," and substantially outweighs the probative value described above.  *See Smith*, 292 F.2d at 99 (making distinction between fair and unfair prejudice).  Although evidence of other crimes invariably prejudices a defendant, "the prejudice is frequently outweighed by the relevancy [sic] of the evidence. . . ."  *United States v. Francesco*, 725 F.2d 817, 822 (1st Cir. 1984) (citations omitted).  "The fact that a piece of evidence hurts a party's chances does not mean it should automatically be excluded, [or] there would be precious little left in the way of probative evidence in any case."  *United States v. Carty*, 993 F.2d 1005, 1011 (1st Cir. 1993).

The government submits that it should be allowed to elicit information about CRUZ's drug use during its case in chief.

Respectfully submitted,

Michael J. Sullivan
United States Attorney


By:     */s/: Andrew E. Lelling*
        Sharron A. Kearney
        Andrew E. Lelling
        Assistant U.S. Attorneys


Date:   September 8, 2006