UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  ) <br> v. ) <br>  ) <br> CESAR CRUZ, ) <br>     Defendant ) | Criminal No. 05-30042-MLW |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
HIS MOTION IN LIMINE TO PRECLUDE IMPEACHMENT BY
BY PRIOR CONVICTIONS**

The Government has opposed Defendant Cesar Cruz's motion in limine and requests that the Defendant be impeached with certain felony and misdemeanor convictions. The Government states that it wishes to inquire of the Defendant as to whether he has been convicted of prior felonies or misdemeanors and establish those convictions without going into the substance of those convictions. The Government further contends that it is crucial for the jury to be allowed to use these convictions in determining credibility. The Government has stated in its memorandum that the entire crux of this case rests on the credibility battle between the testimony of Julian Rios and of Cesar Cruz, should Defendant take the stand. The Government has failed to present a detailed synopsis of the evidence which clearly shows that the crux of its case will not rely on the credibility of Julian Rios. It is expected that Mr. Rios' testimony in large part will be supported by the testimony of the government agents who purportedly accompanied Rios to the area of 57 Hollywood Street and determined that he had no narcotics on his person. Agent Karangekis and others will testify that Mr. Rios was equipped with a sound and video recording device and that the alleged transaction which

purportedly took place at 57 Hollywood Street was recorded and captured on video. Along with Mr. Rios' testimony, the government will seek to introduce testimony of the agents and telephone calls from the Hampden County House of Correction and attempt to argue that they constitute strong evidence of guilt. Drug analyses are also expected to be introduced. Therefore, assertions by the Government that this case comes down to a battle of credibility between Mr. Rios and Mr. Cruz is not an accurate characterization. The Government's request that only the fact of the prior felony convictions and misdemeanor convictions be established can only be designed to paint Mr. Cruz as a person who has violated the law in the past and therefore he is more likely guilty of the crimes for which he stands accused.

## ARGUMENT

When impeachment evidence is offered, as it is being offered here, the burden is on the propounder of the evidence to show that probative value of the evidence outweighs its prejudicial effect on the Defendant. See United States v. Oakes, 565 F. 170, 172 (1st Cir. 1977) In deciding whether to allow prior convictions to be used to impeach a defendant, a judge has broad discretion. See United States v. Luck, 348 F.2d 763 (D.C. Cir. 1965) A judge must consider and evaluate possible prejudicial effect that the offered conviction would have and balance it with the probative value of admitting the conviction and reach the reasoned conclusion that the probative value of admitting the conviction outweighs itss prejudicial effect United States v. Lewis, 626 F.2d 940 (D.C. Cir. 1980).

In the case at bar, the Government seeks to establish that the Defendant has prior felony and misdemeanor convictions. The probative value will be minor at best, while its prejudicial effect will certainly taint the jury with the belief that the Defendant's guilt is more likely based upon the fact that he has had prior convictions. The government attempts to place the Defendant in the category of a person who, because of prior transgressions, is unlikely to be truthful or credible. Commonwealth v. Malone, 995 F.2d 817 (8th Cir. 1993). To do so would render the balancing test imposed by Rule 609 meaningless. Although the Defendant will acknowledge crimes of dishonesty have been held to be admissible, Securities and Exchange Comm'n. v. Sargent, 229 F.3d 68, 79-80 (1st Cir. 2000), the convictions the Government seeks to introduce do not fall into that category.[1] Defendant would state that all but the March 13, 1995 conviction for Attaching Wrong Motor Vehicle Plates and knowingly receiving stolen property are not crimes of dishonesty and, as such,

---

[1] The convictions that the government requests be used for impeachment purposes are contained on Page 8 of its memorandum in opposition and are as follows:

Arraignment July 20, 1992; pled guilty 3/31/95: Assault and Battery with a Dangerous Weapon (1 Felony)

Arraignment October 7, 1994; pled guilty 3/13/95:
    a.    Docket # 9423CR 10156 Distribution of a Class A Controlled Substance (heroin)
    b.    Docket # 9423CR 11213 Distribution of a Controlled Substance in a School Zone (heroin) (2 Felonies)

Arraignment November 2,1994; pled guilty 3/13/95: Distributing a Class A Controlled Substance (heroin), Distributing a Class B Controlled Substance (cocaine), Possession of a Class A Controlled Substance (heroin) (1 Felony)

Arraignment March 13, 1995; pled guilty 3/13/95: Possession of a Class B Controlled Substance, Compulsory Insurance Violation, Attaching Wrong Motor Vehicle Plates, Knowingly Receiving Stolen Property (Misdemeanors: based upon the fact that receiving stolen property and attaching wrong motor vehicle plates are crimes of dishonesty, the Government would seek to inquire as to the nature of those crimes.)

are not admissible under Rule 609. The Court retains discretion after balancing the evidence with its prejudicial effect to determine if it should be admitted. Federal Rules of Evidence 609(a)(1)

## CONCLUSION

After determination of the facts of this case, this Court can determine the effect of the admission of the Government's request to introduce evidence of Defendant's prior convictions on the constitutional rights of the Defendant to a fair trial and presumption of innocence.

THE DEFENDANT

/s/ Joseph A. Franco, Esq.
By His Attorney
Joseph A. Franco, Esq.
BBO# 543038
51 Park Avenue, Suite 7
West Springfield, MA 01089
Tel: (413) 737-2675
Fax: (413) 747-1721

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 8, 2006.

/s/ Joseph A. Franco, Esq.