UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ] |
| | ] |
| v. | ] No. 05-CR-30042-MLW |
| | ] |
| CESAR CRUZ and | ] |
| RICARDO DIAZ | ] |

**GOVERNMENT'S MOTION IN LIMINE REGARDING PRIOR
CONVICTIONS AND BAD ACTS OF JULIAN RIOS**

Julian Rios, a cooperating witness, will testify in the government's case in chief. The government anticipates that on cross examination the defendants will try to question Rios about his prior convictions and certain other prior bad acts, including an open assault and battery case. Certain of these convictions and acts, however, are not admissible.

**Prior Convictions**

Rios appears to have the following convictions:

| Year | Offense | Location | Result |
|---|---|---|---|
| 1989 | Viol Prot Order | Springfield | CWOF |
| 1989 | Larceny | Chicopee | G 1 yr SS |
| 1990 | PWID Cocaine | Springfield | G 2 yrs SS |
| 1990 | A & B | Holyoke | G 18 mos SS |
| 1991 | PWID Cocaine | Springfield | G 2 yrs CMTD |
| 1994 | Poss Heroin | Springfield | G 6 mos CMTD |
| | Distrib Heroin | Springfield | G 6 mos CMTD [same case?] |
| 1995 | B & E / Larceny | Springfield | G 6 mos CMTD |
| 1995 | Shoplifting | Springfield | G file (misdem) |
| 1997 | PWID Drugs Nr Schl | Springfield | G 7 yrs CMTD |

Under Federal Rule of Evidence ("FRE") 609, impeachment by prior conviction is generally limited to felony convictions less than 10 years old and any conviction in the same time frame that involved dishonesty or false statement. Thus, only Rios's most recent conviction (1997) is admissible in this case, since it is his only conviction occurring after September 1996.

(Nor does Rios have any conviction from before September 1996 for which he was sentenced to a term of incarceration ending after September 1996.  *See* FRE 609(b).)

**<u>Other Prior Bad Acts</u>**

As previously disclosed to counsel, the government is aware of the following additional prior bad acts committed by Rios:

1. In the early and mid-1990s Rios sold marijuana and powder cocaine in street-level amounts.

2. During the process of joining the Latin Kings in or about 1993, Rios beat someone up at the direction of his superiors in the gang.

3. (a) At some point in or about 1996, Rios traveled to Hartford, Connecticut, and bought 2 grams of heroin.

    (b) On his return to the Springfield area he stopped at his sister's home, where he saw that she had been beaten by her boyfriend.  Rios waited at the home for the boyfriend to arrive, and then shot him twice.  (The boyfriend survived.)  A cousin of the victim, named Nick, notified the local police and Rios was arrested.

    (c) Later, Rios found Nick and tried to shoot him as well.  The gun, however, jammed.  Rios made no further efforts to hurt Nick.

4. In or about 1996 Rios got into a fight in a bar, during which he stabbed his opponent.  It appears the man was not seriously injured.

5. While in prison between 1997 and 2004, Rios recalls being involved in two fights, the first defending a fellow Latin King from an attack by others, the second assisting in a "termination" from the Latin Kings, which involved Rios and another inmate beating up a man who had chosen to leave the gang.

6. After his release from prison in September 2004, Rios used cocaine with Cesar Cruz on one or two occasions.

7. When Rios was 12 or 13 years old, he stole a bike.

Under FRE 608(b), the incidents described in ¶¶ 1-6 are not admissible because, while they do involve violence and drug dealing (or drug use, in ¶ 6), none of them are "probative of truthfulness or untruthfulness."  *See, e.g., United States v. Meserve*, 271 F.3d 314, 328-29 (1st

Cir. 2001) (finding error where trial court allowed government to impeach witness by eliciting that he was a "tough guy" and had "[b]een in a lot of fights in [his] day"; court held that these references "bore no relation whatsoever to his character for truthfulness or untruthfulness"); *see also United States v. Thomas*, ___ F.3d ___, 2004 WL 1745756, at **11 (6th Cir. 2004) ("Thomas has not cited a single decision holding that a witness's commission of a violent act bears on his character for truthfulness, and we have found none.").

As to ¶ 7, regarding Rios stealing a bike when he was 12 or 13, counsel is free to inquire.

### Open Assault and Battery Case

I. **Background**

Rios has an open assault and battery case in Springfield District Court arising from a domestic incident that happened on November 27, 2004. According to the police report (attached at Exhibit A), police arrived at 21 Avon Place, Springfield, after receiving reports "of a woman screaming, and possibly being raped." After proceeding to the second floor, an officer allegedly saw Rios holding a woman, who was screaming "and appeared to be saying something about a knife." After again hearing her scream about a knife, officers forced entry to the apartment and apprehended Rios. A detective found a knife on the floor in the bedroom "where [the officer] initially viewed the assault."

At the pretrial conference on August 9, 2006, the defendants said they may question Rios about this incident on cross examination. The government objected, on the grounds that the incident is not admissible under FRE 608. The Court left open the issue, implying that the incident might be admissible if Rios was given any special treatment by the Springfield District Attorney's Office because he is cooperating with state and federal law enforcement agencies.

After the hearing undersigned counsel called the Springfield prosecutor handling the case and the case agent for the instant matter. As previously disclosed to counsel, the local prosecutor knew Rios was cooperating, both with the local police and federal authorities. She said that, because Rios's cooperation was public and it was not safe for him to be in the Springfield area, she and defense counsel had recently moved to continue the matter to June 2007, a date long after Rios's cooperation would be complete. The prosecutor faxed to undersigned counsel the notations from her case file memorializing the reason for the continuance. (Attached as Exhibit B.) She also confirmed that the case had otherwise proceeded as it would against any defendant. Undersigned counsel then called the case agent for this matter, SA Mark Karangekis, who confirmed the Springfield prosecutor's account, saying that it would be dangerous for Rios to return to Springfield with any regularity, and that consequently "[the FBI] doesn't want Rios in Springfield."

## II.     Argument

Rios has not been convicted on the assault and battery case, so admission of the arrest or the underlying events is governed by FRE 608(b). As with other violent acts summarized above, this incident is not admissible under Rule 608 because it has nothing to do with Rios's character for truthfulness or lack thereof.

Nor is the incident or resulting prosecution admissible because it involved any benefit given to Rios in return for his cooperation. As stated by the Springfield prosecutor and corroborated by Agent Karangekis, the only "consideration" Rios has received in the assault case because of his cooperator status is a long continuance, and he got that because of concerns for his safety, not as a *quid pro quo* for assisting the government.

Finally, counsel may seek to undermine Rios's credibility by asking him if he *hopes* to receive a reduced sentence or other benefit in the open assault case by helping the government with the instant matter. That questioning should be barred: there is no evidence whatsoever that Rios expects – or has been told to expect – a break in the state case because of his federal assistance. The Commonwealth of Massachusetts and the United States are separate sovereigns. Beyond the contnuance above, the government has not tried to influence the outcome of the state proceeding and has no plans to do so. Moreover, wtihout some specific evidence that Rios's testimony here is motivated by the hope that he will receive a lighter sentence in the Springfield matter, allowing questioning about the latter case would be improperly prejudicial. It is alleged that Rios hit a woman and threatened her with a knife, and the police report reflects that neighbors thought she was "possibly being raped." It has not been proven that Rios did any of these things and, as stated, the alleged acts do not implicate truthfulness. Admitting them would only serve to turn the jury against Rios because of a matter wholly extrinsic to this case and having no bearing on his credibility.

                                          Respectfully submitted,

                                          Michael J. Sullivan
                                          United States Attorney

                        By:    */s/ Andrew E. Lelling*
                                  Andrew E. Lelling
                                  Sharron A. Kearney
                                  Assistant U.S. Attorneys

Date:  September 8, 2006

Arrest Report

11/29/2004

Arrest #: 04-6687-AR
Call #: 62680



Date/Time Reported: 11/27/2004 @ 0225
Arrest Date/Time: 11/27/2004 @ 0230
Booking Date/Time: 11/27/2004 @ 0258
Involves: Domestic Violence
OBTN: TSPR200406687
Court: Springfield
Court Date: 11/28/2004 @ 0758
Reporting Officer: OFFICER SEAN ARPIN
Assisting Officer: OFFICER MARK MEHRINGER
Booking Officer: SERGEANT CHARLES SCHEEHSER
Approving Officer: SERGEANT ALBERTO AYALA
Signature: _____

| # | DEFENDANT(S) | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|
| 1 | RIOS, JULIAN<br>205 BELMONT AVE 4<br>SPRINGFIELD MA 01108 | M | W | 33 | 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 | 413-739-3256 |

HEIGHT: 504     WEIGHT: 190          HAIR: BLACK       EYES: BROWN
BODY: MEDIUM                    COMPLEXION: DARK
DOB: 02/22/1971            PLACE OF BIRTH: SPFLD/MA.
STATE ID: MA09012958                FBI ID: 691441MA4
LICENSE NUMBER: NOT AVAIL.           ETHNICITY: UNKNOWN

[APPEARANCE]

GENERAL APPEARANCE: ORDERLY
SHIRT: T-SHIRT
PANTS/SKIRT: JEANS-COLOR
SHOE: JOGGING SHOES
GLASSES WORN: YES

SCARS: SC ABDOM(Hernia Operation Scar)
TATTOOS: TAT UR ARM(Heart on bicep), TAT R SHLD(SUN), TAT R THGH(CROWN)
TAT CHEST(CROWN W/ DICE)

| ALIAS LAST NAME | FIRST NAME | MIDDLE NAME | SSN | DOB |
|---|---|---|---|---|
| TUNA | | | NOT AVAIL | NOT AVAIL |
| MARTINEZ | RAYMOND | | NOT AVAIL | NOT AVAIL |
| MARTINEZ | JULIAN | | 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 | 02/22/1975 |
| MARTINEZ | JULIAN | RIOS | NOT AVAIL | NOT AVAIL |
| KING TUNA | | | NOT AVAIL | NOT AVAIL |

[FAMILY/EMPLOYMENT INFORMATION]

MARITAL STATUS: SINGLE
FATHER'S NAME: RIOS, LUIS
MOTHER'S NAME: MARTINEZ, MARIA

EMPLOYER/SCHOOL: SUN ROOFING
WALNUT ST
SPRINGFIELD MA

OCCUPATION: ROOFER

APR-20-2006 Case 3:05-cr-30042-MLW  Document 103-2   Filed 09/08/2006   Page 1 of 3  P.02

Arrest Report                                11/29/2004

Arrest #: 04-6687-AR
Call #: 62680

| # | DEFENDANT(S) | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|

**[RIGHTS/BOOKING CHECKS]**

```
           PHONE USED: Y      PHONED DATE/TIME: 11/27/2004 & 0309
     ARRESTEE SECURED: Y  11/27/2004   0312
      ARRESTEE CELL #: M18

        FINGERPRINTED: N
          PHOTOGRAPHED: N
                VIDEO: Y
        SUICIDE CHECK: Performed
              PERSONS: State&Federal
   NCIC VEHICLE CHECK: Not Performed
     INJURY OR ILLNESS: N
```

| # | OFFENSE(S) | | A/C | STATE LAW | |
|---|---|---|---|---|---|

LOCATION TYPE: Residence/Home/Apt./Condo    Zone: Sector E2 Metro/6Corners
INSIDE
24 AVON PL 2L
SPRINGFIELD MA

1  A&B                                              C   265        13A - SIMPLE AS
        OCCURRED: 11/27/2004   0225
   WEAPON/FORCED USED: Personal Weapons (Hands/Feet/Etc)

| # | VICTIM(S) | SEX | RACE | AGE | SSN | PHONE |
|---|---|---|---|---|---|---|
| 1 | RODRIGUEZ, MADELINE | F | W | 27 | 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 | 413-739-1833 |

21 AVON PL
SPRINGFIELD MA 01101-0308
DOB: 06/18/1977
INJURIES: Apparent Minor Injury
ETHNICITY: Hispanic
RESIDENT STATUS: Resident
TAKEN TO: REFUSED
VICTIM CONNECTED TO OFFENSE NUMBER(S): 1
RELATION TO: RIOS JULIAN                 Boy/Girl Friend

| # | OTHER PROPERTIES | PROPERTY # | STATUS |
|---|---|---|---|
| 1 | KNIFE | 04-967-PR | Seized (Not Previously Stolen) |

QUANTITY: 1           VALUE: $10.00
SERIAL #: NOT AVAIL
  DATE: 11/27/2004
  OWNER: RIOS, JULIAN

Ref: 04-6687-AR

Ma'am,

On 11-27-04 at about 0230 hrs, a team of Officers lead by Lt. Clapprood, including Officers H. Rivas, M. Rodriguez, S. Arpin, and I arrested **JULIAN RIOS, of 205 Belmont Ave, Apt. 4, DOB 2-22-71, SSN 032565650**, for:

1) Domestic Assault and Battery

The above arrest occurred in the stair well of 21 Avon Place.
On the above date, several units were dispatched to the above mentioned area for several reports of a woman screaming, and possibly being raped. Officers were given little information other than witnesses reported hearing loud screams and noises consistent with that of a disturbance. Upon arriving, Officers made their way to the 2nd floor landing area where Officer Rivas and Arpin were able to hear loud screams coming from inside Apt. 24. Officer Rivas then saw through an window a dark skinned male, later ID as RIOS holding the victim, later ID as MADELINE RODRIGUEZ, of 21 Avon Place, Apt. 24, DOB 6-18-77, SSN 063624324. RODRIGUEZ was screaming an appeared to be saying something about a knife. Officer Rivas informed Lt. Clapprood of his observations, and while standing on the landing, Officers then heard a scream "HE HAS GOT A KNIFE". Officers then forced entry to ensure the safety of RODRIGUEZ who was now being pushed into the wall of the hallway by RIOS. Officers took RIOS to the ground and provided medical attention to RIOS who had sustained a small laceration to her lower lip. RODRIGUEZ told Officer Mehringer that she and RIOS have dated for some time, and live together. RODRIGUEZ further stated that RIOS and she had a verbal altercation after drinking at a local bar and it escalated to a physical confrontation where RIOS shoved her into the wall and slapped her in the face. RIOS was then placed into custody. Detective Rodriguez found a knife on the floor area of the bedroom where Officer Rivas initially viewed the assault. This was taken into evidence and tagged #261941. As Officers were placing RIOS into custody, RODRIGUEZ began to yell, "Please don't take him to jail, he didnt mean it, it's just a misunderstanding, I don't want him to go to jail." Detective Rodriguez advised RODRIGUEZ of her 209A rights, and took photos of her injuries. RODRIGUEZ became very aggressive and uncooperative stating, "You can lock him up, but I aint gonna go to court and press charges." RIOS was then transported to 130 Pearl St for further booking procedures.
Captain Dudley notified.

Respectfully Submitted,
Officer Mark S. Mehringer
Badge #395  Emp. #48906



**COMMONWEALTH OF MASSACHUSETTS**
**COUNTY OF HAMPDEN**
**HALL OF JUSTICE**

50 STATE STREET
SPRINGFIELD, MASSACHUSETTS 01102-0559

SUPERIOR COURT OFFICE
TEL: 413-747-1000
FAX: 413-781-4745

SPRINGFIELD DISTRICT COURT OFFICE
TEL: 413-747-1001
FAX: 413-747-5628

WILLIAM M. BENNETT
DISTRICT ATTORNEY

OFFICE OF THE DISTRICT ATTORNEY

## FAX LEAD SHEET

LEAD plus ____1____ SHEETS

DATE SENT: 8/29/06

**TO:**
NAME: Andy Lelling
LOCATION: US Atty Office
PHONE: ____
FAX PHONE: (617) 748-3965

**FROM:**
NAME: Shelly-Ann Sankar
LOCATION: **HAMPDEN COUNTY PROSECUTOR'S OFFICE**
PHONE: 413-747-1001
FAX PHONE: 413-747-5628

**SPECIAL DELIVERY INSTRUCTIONS:**
Re: Julian Pierce
Pls call (413) 747-1080 if you need anything else
— Shelly

● **CONFIDENTIALITY NOTE** ●

The documents accompanying this facsimile transmission contain information of the District Attorney's Office which may be CONFIDENTIAL AND/OR PRIVILEGED. The information is intended to be for the use of the individual or entity named on this transmittal sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately and return the original message to us at the above address by First Class Mail via the U.S. Postal Service. Thank you.

IF THERE ARE PROBLEMS RECEIVING THIS TRANSMITTAL, PLEASE CONTACT THE SENDER.

1) Working w/ pd.
In　　　no safe for
him to return. Case
cont. far out — by
agreement