UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v.  ] | No. 05-CR-30042-MLW |
| ] | |
| CESAR CRUZ and  ] | |
| RICARDO DIAZ  ] | |

**PRETRIAL STATUS REPORT**

In its order of August 14, 2006, the Court ordered the parties to report on certain matters by September 8, 2006.

1. **Resolution of the Case**: The parties have discussed resolving the case, but as of this date it appears that both defendants will go to trial.

2. **Transcripts**: The parties have resolved all remaining translation and redaction issues for all transcripts the government intends to introduce at trial. The defendants will stipulate to the admissibility of the transcripts.

3. **Use of Readers for Portions of the Transcripts**: The defendants do not object to the government's use of readers to read portions of the transcripts to the jury, with the caveat that the readers should not improperly emphasize portions of the transcripts that are favorable to the government. Consequently, with regard to presenting the videotaped transactions at trial, the government intends to follow this sequence:

    (a)   Admit the video and relevant transcript through the witness;

    (b)   Play a segment of the video for the jury;

    (c)   Have readers recite in English the dialogue from that segment; and then

    (d)   Ask the witness to explain the dialogue, if needed.

4. **Stipulations**: The parties have finalized what they will stipulate to, but are still working on precise language. The government respectfully request additional time to file the written stipulations with the Court. The parties will be stipulating to:

(a) Chain of custody for drug evidence;

(b) The admissibility and accuracy of DEA lab reports for the drugs seized;

(c) The accuracy of transcripts of telephone calls and videotapes, including the accuracy of the Spanish to English translations of those transcripts, for the following dates:

| | | | |
|---|---|---|---|
| (i) | 1/5/05 | | Two telephone calls (Julian Rios to Cesar Cruz) |
| (ii) | 1/5/05 | | Video/audio of alleged drug transaction |
| (iii) | 1/7/05 | | One telephone call (with agreed redactions) (Cesar Cruz, from jail, to unidentified female) |
| (iv) | 3/30/05 | | Video/audio of alleged drug transaction |

(d) The admissibility of certain business records (RMV records and toll records from Verizon and Sprint).

5. **References to Defendant Cesar Cruz's Incarceration**: As was discussed at the last pretrial conference, Defendant Cruz was arrested and jailed on unrelated matters during the activities underlying this case.[1] The parties have conferred and have agreed

(a) to redactions to the recorded call Cruz made on January 7, 2005, from jail;

(b) that the government's witnesses will avoid referring to Cruz being in jail (but see

---

[1] The first drug deal charged in the indictment happened on January 5, 2005. Cruz was arrested the next day. The day after that, January 7, Cruz made a recorded call from Hampden County House of Correction.

       ¶ 6 below); and

   (c)    that the Court should give the jury a cautionary instruction, if needed, in light of the actual testimony.

6. **Issue on Admissibility of January 7, 2005, Call from Defendant Diaz to Julian Rios**: Julian Rios, the government's cooperating witness, will testify to receiving a call (not recorded) from defendant Ricardo Diaz on January 7, 2005, the day after Cruz's arrest on unrelated warrants. Rios will testify that Diaz told him that the police arrested Cruz; that the police did not find the cocaine (meaning the cocaine from which Cruz and Diaz supplied Rios the day before) because they didn't search the house; and inviting Rios to buy more cocaine so Diaz could raise money for Cruz's lawyer.

    Cruz is not stipulating to the admissibility of this conversation, and yesterday raised the possibility that *Bruton v. United States* precludes admitting it because Diaz's statement implicates Cruz in drug dealing. (Presumably Diaz will not testify.) The government's position is that the statements are in furtherance of an existing conspiracy and thus not subject to *Bruton*; the conspiracy between Diaz and Cruz did not end because of the mere arrest of Cruz. *See, e.g., United States v. Sarno*, 456 F.2d 875, 878 (1st Cir. 1972) (discussing issue, and observing that "we know of no per se rule that the arrest of one conspirator automatically terminates the conspiracy.").

7. **Domestic Abuse Charge Against Julian Rios**: At the last pretrial conference the Court invited briefing, if needed, on whether defense counsel could question Rios about his open assault and battery case in Springfield District Court. The parties disagree on whether it is admissible. The government has filed a separate motion to exclude

reference to the charge.

8. **Prior Convictions of Cesar Cruz**: By separate memoranda, both parties have supplemented the briefing on defendant Cesar Cruz's motion to preclude impeachment by certain prior convictions.

9. **Voir Dire**: Defendant Cesar Cruz has filed an additional *voir dire* question regarding gang affiliation. The government has filed a response suggesting alternative wording.

10. **Sequestration**: Defendant Ricardo Diaz has filed a motion objecting to the case agent's presence in the courtroom during the testimony of other witnesses. The government has filed an opposition to that motion.

Respectfully submitted,

Michael J. Sullivan
United States Attorney

By:   /s/ *Andrew E. Lelling*
Andrew E. Lelling
Sharron A. Kearney
Assistant U.S. Attorneys

Date:  September 8, 2006