UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 05-30042-MLW |
| v. | ) | |
| | ) | |
| CESAR CRUZ, | ) | |
| Defendant | ) | |

**DEFENDANT'S CESAR CRUZ'S MOTION IN LIMINE REGARDING
DRUG USE OF THE DEFENDANT**

The Government intends to introduce evidence at trial in this matter from its cooperating witness, Julian Rios, that Rios used cocaine with the Defendant, Cesar Cruz, at some point between September 2004 and January 2005. The Government argues that this evidence is admissible under FRE 404(b) because it is a prior bad act, it helps to prove Cesar Cruz's knowledge of and facility with cocaine. The Government's reliance on United States v. Gibson, 446 F.3d. 828, 831 (8th Cir. 1996) is misplaced. In the Gibson case, the Defendant had been involved in two prior drug transactions in which he was present at apartments which were raided by the police and involved large quantities of drugs. The Defendant in Gibson denied any involvement in illegal narcotics and said that he had only entered the apartment to watch television on both occasions. Gibson objected to the evidence and argued that it was inadmissible under FRE 404(b). The District Court made a finding that for reasons other than knowledge, the drug activities were admissible. Gibson at 830.

In the case at bar, the Defendant, Cesar Cruz, has given no statements to the police and has never stated that he has no familiarity with cocaine. The Government argues that the act of using cocaine is, in fact, specifically probative of Cruz's involvement in the offense charged, relying on

United States v. Smith, 292 F.3d 90 (1st Cir. 2002). In the Smith case, Mr. Smith was charged with possession of a firearm and ammunition. The Government offered evidence that one week prior to the arrest the Defendant was present in the subject apartment and was seen in the possession of a revolver. Although the Government was allowed to elicit evidence of drug activity, that evidence was specifically designed to show the relationship between the witness and the Defendant, and the reasons for the witness' presence in the apartment. Therefore, the Government was allowed to present evidence of prior drug transaction at the subject residence, over the objection of the defense.

In the present case, the Government seeks to introduce drug use within approximately a four month time period between the cooperating witness Julian Rios and the Defendant, Cesar Cruz. It is not intended to show knowledge of or intent to possess and distribution of the drugs in question. The Government's intent here is merely to show that the Defendant, Cesar Cruz was, on one occasion, a user of cocaine. The Government must first show that the evidence is probative of a specific issue at trial. United States v. Frankhauser, 80 F.3d 641, 688 (1st Cir. 1006). Under FRE 403, the evidence must be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or . . . evidence." Federal Rules of Evidence 403.

Although the Government argues that the evidence is relevant to show Mr. Cruz's knowledge of cocaine, the factual scenario is not consistent with the case analysis it presents. Should Defendant take the stand and testify that he has no prior knowledge of or is unfamiliar with cocaine, the Government would then have the opportunity to impeach him pursuant to FRE 607.

**CONCLUSION**

For the reasons stated above, the Defendant would request that the Government's motion in limine be denied.

        Respectfully submitted,
        THE DEFENDANT
        CESAR CRUZ

        /s/ Joseph A. Franco, Esq.
        By His Attorney
        Joseph A. Franco, Esq.
        BBO# 543038
        51 Park Avenue, Suite 7
        West Springfield, MA 01089
        Tel: (413) 737-2675
        Fax: (413) 747-1721

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 19, 2006.

        /s/ Joseph A. Franco, Esq.