UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br>v.   )<br>  )<br>CESAR CRUZ,   )<br>   Defendant  ) | Criminal No. 05-30042-MLW |

**DEFENDANTS' OPPOSITION TO GOVERNMENT'S
MOTION IN LIMINE REGARDING PRIOR CONVICTIONS AND
BAD ACTS OF JULIAN RIOS**

The Defendants in the above-entitled matter oppose the Government's Motion in Limine to Exclude Prior Convictions and Prior Bad Acts of its cooperating witness, Julian Rios.

**PRIOR CONVICTIONS**

The Government argues that the time frame for certain identified convictions of the cooperating witness is limited to the extent that the felony convictions are greater than ten years old.  Under Federal Rules of Evidence 609(b), if more than ten years have elapsed since the date of a conviction or termination of confinement, whichever is later, the conviction is non-admissible unless the Court finds that the probative value of such evidence substantially outweighs the prejudicial effect.  When a party seeks to introduce evidence of conviction that pre-dates the ten year limitation, the proponent must provide the adverse party sufficient advance notice in writing of its intent to employ such evidence in order to provide ample opportunity to contest the use of the conviction.  The burden is

on the proponents of the evidence to persuade the Court that the probative evidence substantially outweighs its prejudicial effect. FRE 609(b)  The defense argues that the following convictions should be admissible:

| YEAR | OFFENSE | LOCATION | RESULT |
|---|---|---|---|
| 1994 | Possession of heroin | Springfield | G 6 mos CMTD |
|  | Distribution of heroin | Springfield | G 6 mos CMTD |
| 1995 | B & E/Larceny | Springfield | G 6 mos CMTD |
| 1995 | Shoplifting | Springfield | G filed (misd) |
| 1997 | PWID Drugs Nr Schl | Springfield | G 7 yrs CMTD |

For the purpose of attacking the credibility of a witness, evidence that the witness other than the accused has been convicted of a crime shall be admissible subject to FRE 403. If the crime was punishable by death or imprisonment in excess of one year under the laws under which the witness was convicted, then evidence that the accused had been convicted of such crime shall be admitted if the Court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused, and any evidence that any witness has been convicted of a crime shall be admitted if it involves dishonesty or false statements, regardless of the punishment. Rule 403 favors a presumption of admissibility by mandating that the negative attribute of the evidence must substantially outweigh its probative value before exclusion is justified. United States v. Calbas 821 F.2d 887 (2nd Cir. 1987, cert. den. 485 U.S. 937, 108 S.Ct. 1114, 99 L.Ed.2d 275 (1988))  In the case at bar, the Defendants would argue that the pattern of conduct of Julian Rios commencing in 1994 and ongoing to the present date, a period of twelve years, shows a continuing pattern of conduct involving behavior which transverses the norms of society and involves drug dealing and crimes of dishonesty. As such, the Defendants should be allowed to introduce evidence of same.

## PRIOR BAD ACTS

On page 2 of its motion, the Government lists several prior bad acts of its cooperating witness, Julian Rios, which have more recently been disclosed to the defense. The defense would intend to use the following bad acts.

1. On a return trip from Hartford, Connecticut in 1996 involving a drug transaction, Mr. Rios stopped by his sister's house where he saw that she had been beaten by her boyfriend. Rios waited for her boyfriend to arrive, then shot him twice (the boyfriend survived). Nick, a cousin of the victim, notified the local police and Rios was arrested. Subsequently, Rios found Nick and tried to shoot him as well, however, the gun jammed.

2. At some time during 1996, Rios got into a fight in a bar during which he stabbed his opponent.

## ARGUMENT

The Defendants would argue that evidence of these acts would be admissible to show that the Government knew of the cooperating witness' tendency to violate the laws of the United States and chose to put their cooperating witness in high risk situations where drug transactions were taking place. The Government's reliance on the witness' cooperation and his ability to conform to the norms of society are issues which affect his ability to perform the tasks asked of him. The Defendants do not offer these acts merely to show a propensity for truthful testimony, United States v. Meserve, 271 F.3d 314 (1st Cir. 2001) but also to demonstrate the reliability of the cooperating

witness and his motives. The defense expects to elicit evidence that the cooperating witness performed improper and illegal acts during the performance of his duties for the government to further his own personal interests. The actions of the witness are particularly probative of his ability to gather reliable evidence for the Government and comply with its rules and regulations regarding cooperating witnesses. See United States v. Smith, 292 F.3d 90, 99 (1st Cir. 2002) requiring that the approach to admissible evidence under FRE 404(b) requires a showing that the evidence is probative, followed by the balancing test utilized by FRE 403.

## CONCLUSION

For the reasons stated above, the Defendants would ask that the Government's Motion in Limine be denied and that the evidence be allowed at trial.

THE DEFENDANT

 /s/ Joseph A. Franco, Esq.
By His Attorney
Joseph A. Franco, Esq.
BBO# 543038
51 Park Avenue, Suite 7
West Springfield, MA 01089
Tel: (413) 737-2675
Fax: (413) 747-1721

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 19, 2006.

 /s/ Joseph A. Franco, Esq.