UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 05-30042-MAP |
| v. ) | |
| ) | |
| CESAR CRUZ et al, ) | |
|     Defendant ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
GOVERNMENT'S EXPERT WITNESS' TESTIMONY**

Now come the Defendants and opposes the introduction of Government's proffered expert testimony of Agent Mark Karangekis in the present posture of the case. The Defendants do not concede the qualifications of Agent Karangekis to offer all proposed testimony which the Government seeks to elicit, and should be afforded an opportunity to question Agent Karangekis – preferably in a voir dire, but in any event, prior to his offering any opinion testimony – in order to enable the Court to make a considered determination as to the sufficiency of the basis of his purported expertise.

The Defendants would rely on Federal Rules of Evidence 702 with regard to the standard which must be employed in order to allow expert testimony. The Rule, as amended, is based upon the Supreme Court's decision in <u>Daubert v. Merrill Dow Pharmaceutical, Inc.</u>, 509 U.S. 579 (1983) and <u>Kumho Tire Company v. Carmichael</u>, 119 S.Ct. 1167 (1999), defining the "gatekeeper" function of the trial court in determining the admissibility of expert testimony.

The Defendants would further invite this Court's attention to the case of United States v. Gaines, 107 F.3d 72 (1st Cir. 1999). The Gaines court noted that the expert testimony is inadmissible when it relates to "'matters that [are] readily intelligible' and may, in some cases, create unfair prejudice by appearing to put the expert's stamp of approval on the government's case." Id. At 80, quoting United States v. Montas, 41 F.3d 775, 781-84 (1st Cir. 1994).

Therefore, the Defendants state that the Government's proffered testimony has not been determined to be admissible and a *voir dire* examination of the witness would be required.

| THE DEFENDANT | THE DEFENDANT |
| --- | --- |
| RICARDO DIAZ | CESAR CRUZ |
| | |
| /s/ Terry Scott Nagel, Esq. | /s/ Joseph A. Franco, Esq. |
| By His Attorney | By His Attorney |
| Terry Scott Nagel, Esq. | Joseph A, Franco, Esq. |
| BBO# 366430 | BBO# 543038 |
| 95 State Street, Suite 918 | 51 Park Avenue, Suite 7 |
| Springfield, MA 01103 | West Springfield, MA 01089 |
| Tel: (413) 731-8811 | Tel: (413) 737-2675 |
| Fax: (413) 731-6641 | Fax: (413) 747-1721 |

CERTIFICATE OF SERVICE

I hereby certify that the foregoing motion was served on all interested and registered parties to this action by means of the electronic filing system on September 21, 2006 and paper copies of same have been served on all interested parties who are not registered for electronic filing by first class mail, postage prepaid, at the addresses listed in the file.

/s/ Joseph A. Franco, Esq.