UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  | CRIMINAL No. 05-30042 MLW |
|---|---|---|
| UNITED STATES OF AMERICA | ) |  |
|  | ) | DEFENDANT'S MOTION |
| v. | ) | TO CONTINUE |
|  | ) |  |
| RICARDO DIAZ | ) |  |

NOW comes the defendant herein, Ricardo Diaz, and respectfully requests by and through counsel to continue the trial date to some date after December 15, 2006. The defendant states as grounds the following:

1. Following a mistrial declared on September 27, 2006, this case was rescheduled for trial commencing on November 13, 2006.

2. The date set by the District Court conflicts with a previously-scheduled murder trial in Worcester Superior Court, scheduled to commence on November 14, 2006. Unlike both defendants in this case, the defendant in the murder case is held without right to bail. Furthermore, the indictment in that case predates the federal indictment by more than 13 months. Therefore, pursuant to local Rule 40.2, the state case presumptively has precedence.

3. A Pretrial Conference in the Worcester murder case was held on October 4, 2006, and both the prosecution and the defense represented to the Superior court that the matter would be tried, and that witnesses were available for the projected date. There appears to be no prospect whatsoever of resolving that case by means of a plea.

1

4. Counsel for both defendants in the instant case contemplate filing a Motion to Dismiss with supporting memorandum. The research and writing involved is anticipated to be substantial. Counsel for Diaz will be unable to devote adequate attention to that matter until the conclusion of the murder trial, which is expected to end on or about November 17. A two-week period for preparation of the dismissal documents would result in a filing date of December 1, 2006.

5. In addition, defense counsel have requested transcripts of the terminated trial in this matter, as well as other pretrial proceedings germane to the issue of the misjoinder of offenses that contributed to the mistrial. The stenographer has indicated to counsel that a complete transcript probably cannot be ready before mid-November at the earliest.

6. Defense counsel for Cesar Cruz joins in this motion. The prosecution has indicated that it does not oppose this motion.

Wherefore the defendant requests that the above-described relief be granted.

DATED: October 11, 2006                Respectfully submitted,
                                        RICARDO DIAZ, Plaintiff


                                By: /s/ Terry Scott Nagel
                                    Terry Scott Nagel, Esq.
                                    95 State Street, Suite 918
                                    Springfield, MA 01103
                                    (413) 731-8811
                                    BBO#: 366430

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL No. 05-30042 MLW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | MEMORANDUM IN SUPPORT OF |
| | ) | DEFENDANT'S MOTION |
| v. | ) | TO CONTINUE |
| | ) | |
| RICARDO DIAZ | | |

     Local Rule 40.2 states that conflicting court appearances among cases pending in the District Court and the Superior Court are to be resolved with reference to whether the defendant is held in custody in either case. In cases where neither defendant is held, the case with the "earliest docket number" takes precedence.

     In the instant case, there is a conflict with Commonwealth v. Steven Siemietkowski, Superior Court Criminal No. 2004-00799. That matter is scheduled for trial on November 14, 2006, and the defendant is held without right to bail. The 2004 docket number in that case also predates the "05" docket number of the federal prosecution. Furthermore, the May 7, 2004 indictment in the Superior Court case predates the June 9, 2005 indictment in the federal case by over 13 months.

     The murder case involves numerous fact and expert witnesses, including DNA experts. A medical examiner who was employed by the Commonwealth of Massachusetts at the time of the death is now Chief Medical Examiner in a distant jurisdiction, and the murder case was re-scheduled once in the past to insure his availability for trial.

     Furthermore, the defendants have requested, and in fairness should be entitled to the availability of, transcripts from the aborted first trial in this matter for purposes of preparing the Motion to Dismiss. One issue presented by the mistrial, concerning the prosecution's representations regarding the scope of the conspiracy, and the effect of those representation on the manner in which hearsay was handled at trial, will be most accurately addressed with access to a full and accurate transcript.

     For the foregoing reasons, the requested continuance should be allowed, and the case scheduled for trial in a manner consistent with the schedule for litigating the Motion to Dismiss.

DATED: October 11, 2006          Respectfully submitted,
Ricardo Diaz, Defendant

By: <u>/s/ Terry Scott Nagel</u>
Terry Scott Nagel, Esq.
95 State Street, Suite 918
Springfield, MA 01103
(413) 731-8811
BBO#:  366430

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL No. 05-30042 MLW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | AFFIDAVIT IN SUPPORT OF |
| | ) | DEFENDANT'S MOTION |
| v. | ) | TO CONTINUE |
| | ) | |
| RICARDO DIAZ | ) | |

NOW comes the undersigned Terry Scott Nagel and says

1. My name is Terry Scott Nagel. I am a member of the bar of the Commonwealth of Massachusetts in good standing. I have defended over 40 persons charged with homicide, and am a member of the Criminal Justice Act private attorney panel.

2. The factual representations made in the foregoing Motion and Memorandum are true and accurate to the best of my knowledge and belief, and accurately set forth the scheduling conflict created both by the currently-scheduled trial date for the above-captioned matter, and by the anticipated demands upon counsel inherent in litigating the Motion to Dismiss, as well as preparing for an additional trial in light of new information received during the first trial.

Signed under the pains and penalties of perjury,

By: /s/ Terry Scott Nagel
Terry Scott Nagel, Esq.

Dated: October 11, 2006

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 11, 2006.

/s/ Terry Scott Nagel