UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
|  |  | CRIMINAL No.  05-30042 MLW |
| UNITED STATES OF AMERICA | ) |  |
|  | ) | DEFENDANT'S MOTION |
| v. | ) | FOR ACCESS TO WITNESSES |
|  | ) |  |
| RICARDO DIAZ | ) |  |

    NOW comes the defendant herein, Ricardo Diaz, and respectfully request that this Honorable Court make the following order :

1. The defendants in this case, Ricardo Diaz and/or Cesar Cruz, shall be granted access for the purpose of conducting interviews, by and through their attorneys and/or their licensed investigators, to David Ruiz, d.o.b. 11/26/77 and Michael Morrero, d.o.b. 7/9/80, in any Bureau of Prisons institution or other facility for incarceration, detention, or treatment in which they may be held during the pendency of the above-captioned matter.

2. The administrator of such facility may impose reasonable security requirements upon such interview, but in no case may any government agent or employee hinder or discourage such interview.

    The defendant states as grounds for this request the following:

1. The individuals listed above were targets of the FBI's "Operation Dethrone," and either have pled, or will soon plead, guilty to charges against them.  Both individuals allegedly participated in controlled transactions with Julian Rios, the Confidential Informant/Cooperating Witness in the instant case.

2. Discovery received from the government on September 27, 2006, shortly before the mistrial was declared, has led counsel for both defendants to the conclusion that interviews with Mr. Ruiz, Mr. Morrrero, and potentially with other individuals connected to their cases, is necessary in order to adequately prepare for a trial of this matter.

3. Because federal inmates are often held at some distance from Springfield, Massachusetts, and because they are subject to being moved by government officials at the convenience of the Bureau of Prisons, it will be most efficient to carry out at least initial contact by means of investigators, and it is

desirable that access to the individuals be assured in advance.

4.    Defendant Cesar Cruz joins in this request.

Wherefore the defendant respectfully requests that the above-described relief be granted.

DATED: October 10, 2006    Respectfully submitted,
Ricardo Diaz, Defendant


By: /s/ Terry Scott Nagel
Terry Scott Nagel, Esq.
95 State Street, Suite 918
Springfield, MA 01103
(413) 731-8811
BBO#:  366430


CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 10, 2006.

/s/ Terry Scott Nagel

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
|  |  | CRIMINAL No. 05-30042 MLW |
| UNITED STATES OF AMERICA | ) |  |
|  | ) | MEMORANDUM IN SUPPORT OF |
| v. | ) | DEFENDANT'S MOTION |
|  | ) | FOR ACCESS TO WITNESSES |
| RICARDO DIAZ | ) |  |

    The defendant's, jointly, have requested a judicial order facilitating access by counsel or its investigators to two potential witnesses, whose potential usefulness to the defendant's has been identified as a result of materials disclosed during the first trial of this matter, which ended in a mistrial.  The potential witnesses were, like the defendants, targets of Operation Dethroned.  They have both claimed in documents filed in their own cases that they were coerced into dealing drugs by Julian Rios, the Confidential Informant/Cooperating Witness in the instant case, with threats of violence.  Discovery concerning these threats was provided in advance of trial.

    However, it was not until the third day of trial that counsel received a document indicating that in the course of Operation Dethrone, Mr. Rios was held out to be "a Puerto Rican hit man for the Italian mafia," reporting to two purported mafioso who were, in fact, FBI agents.  One of those agents was Mark Karengekis, the case agent in the instant prosecution.   This new information casts the claims of coercion by these two witnesses in a more sinister light.

    Defense counsel have experienced difficulty on occasion in the past when attempting to interview inmates, either because of unannounced changes in institutional regulations, abrupt transfers of inmates, or the decision of inmates not to speak with investigators after being counseled by institutional staff.  For obvious reasons, it is difficult for defendants to determine  whether these difficulties have arisen from intentional efforts to thwart defense investigations.

    Defendants,  as well as the prosecution,  "have the right to interview witnesses prior to trial." <u>Salemme v. Ristaino</u>, 587 F.2d 81, 87 (1st Cir. 1978) citing <u>Callahan v. United States</u>, 371 F.2d 658, 660 (9th Cir. 1967).  This is implicit in the Sixth Amendment right of defense counsel to subpoena necessary witnesses to trial.  <u>Id.</u>  The requested order would protect this right without interfering with the legitimate security concerns of the government.  For this reason, the requested relief should be

1

granted.

DATED:  October 10, 2006                Respectfully submitted,
                                        Ricardo Diaz, DEFENDANT


                                        By:/s/Terry Scott Nagel
                                            Terry Scott Nagel, Esq.
                                            95 State Street, Suite 918
                                            Springfield, MA 01103
                                            (413) 731-8811
                                            BBO#:  366430

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  | CRIMINAL No. 05-30042 MLW |
|---|---|---|
| UNITED STATES OF AMERICA | ) |  |
|  | ) | AFFIDAVIT IN SUPPORT OF |
| v. | ) | DEFENDANT'S MOTION |
|  | ) | FOR ACCESS TO WITNESSES |
| RICARDO DIAZ | ) |  |

NOW comes the undersigned Terry Scott Nagel and says:

1. My name is Terry Scott Nagel. I am a member of the bar of the Commonwealth of Massachusetts in good standing. I have defended over 40 persons charged with homicide. I have also represented numerous defendants in the United States District Court.

2. The difficulties mentioned in the foregoing motion and memorandum have been personally experienced over the years in my capacity as defense counsel. I cannot state whether they resulted from intentional interference with my attempts to interview witnesses, or merely were the result of happenstance. However, I believe that judicial authorization of access would be helpful in many situations to facilitate inmate interviews.

3. According to the Bureau of Prisons website, a David Ruiz who is the same age as the David Ruiz arrested in connection with Operation Dethrone is being held at the Coleman Federal Correctional Complex near Tampa, Florida. Michael Morrero is currently in custody locally pending a guilty plea scheduled for October 19, 2006.

    Signed under the pains and penalties of perjury,

    <u>/s/Terry Scott Nagel</u>    Date: October 11, 2006
    Terry Scott Nagel