UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 05-30042-MLW |
| v. ) | |
| ) | |
| CESAR CRUZ and RICARDO DIAZ, ) | |
| Defendant ) | |

**DEFENDANTS' JOINT MEMORANDUM IN SUPPORT OF
THEIR MOTION FOR A BILL OF PARTICULARS**

The Defendants move this Honorable Court to order the government to produce a bill of particulars pursuant to the Federal Rules of Criminal Procedure 7(f). The Defendants contend that in Count I of its indictment the government alleges that the Defendants violated Title 21, United States Code, Section 846 - Conspiracy to Possess with Intent to Distribute and Distribution of Cocaine. The government only alleges that from a time unknown to the Grand Jury but at least by or about January 2005 and continuing thereafter, in Springfield and elsewhere in the District of Massachusetts, the Defendants violated the provisions of Title 21 of the United States Code as cited. As this Court is aware, on January 5, 2005, the government alleges that a distribution of powdered cocaine by the Defendants Cruz and Diaz was effectuated to the government's confidential informant, Julian Rios. The government further alleges that on March 31, 2005 a second distribution, this time by Defendant Ricardo Diaz, was effectuated to the government's confidential informant, Julian Rios. The government alleges that this distribution was in the form of cocaine base.

During the trial held before this Honorable Court on September 18 through 20, 2006, all three counts of the indictment against the Defendants were joined for trial.  During the second day of trial, the government first acknowledged that it did not allege that Defendant Cesar Cruz was involved in any actions in connection with the alleged distribution of March 31, 2005.  The Defendants now move for a bill of particulars to require the government to disclose to the Defendants the acts or actions which constitute Count One and the time period during which it took place.

**ARGUMENT**

The principle function of a bill of particulars is to apprise the Defendant of the essential facts of the crimes on which the Defendant has been indicted, especially in instances where the indictment itself does little more than track the language of the statute allegedly violated. United States v. Salazar, 485 F.2d 1272, 1278 (2nd Cir. 1973), cert. den. 415 U.S. 985, 94 S.Ct. 1579, 39 L.Ed.2d 882 (1974).  In the case at bar, the indictment only tracks the language of the statute and provides essentially no information from which the Defendants can determine the substance of the allegations against them.

The decision of whether to issue a bill of particulars is within the discretion of the Court. United States v. Sepulveda, 15 F.3d 1161, 1193 (1st Cir. 1993), cert. den. 512 U.S. 1223, 114 S.Ct. 2714, 129 L.Ed.2d 840 (1974).  The Defendants would contend that this Court should exercise its discretion and require the government to provide the requested information to the Defendants.  The information sought will facilitate the second trial in this matter and insure an orderly and fair

process. The Defendants' defense in this case would be seriously hampered without the required information. The Defendants contend that the government must be made to commit itself to its theory of the evidence prior to trial.

## CONCLUSION

For the reasons stated above, the Defendants would ask that this Court allow their motion for a bill of particulars.

Respectfully submitted,
THE DEFENDANT                           THE DEFENDANT
RICARDO DIAZ                            CESAR CRUZ


 /s/ Terry Scott Nagel, Esq.             /s/ Joseph A. Franco, Esq.
By His Attorney                         By His Attorney
Terry Scott Nagel, Esq.                 Joseph A, Franco, Esq.
BBO# 366430                             BBO# 543038
95 State Street, Suite 918              51 Park Avenue, Suite 7
Springfield, MA 01103                   West Springfield, MA 01089
Tel: (413) 731-8811                     Tel: (413) 737-2675
Fax: (413) 731-6641                     Fax: (413) 747-1721

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 11, 2006.

    /s/ Joseph A. Franco, Esq.