UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  | CRIMINAL No.  05-30042 MLW |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | DEFENDANT'S MOTION |
| v. | ) | FOR RELIEF FROM |
| | ) | SCHEDULING ORDER |
| RICARDO DIAZ | ) | |

NOW come the defendants herein and jointly request that the time for filing their motion to dismiss in this case be extended to December 1, 2006, or some other date consistent with the availability of necessary transcripts and such other rulings as the court may make at the pretrial hearing of this matter on October 17, 2006. The defendants state as their grounds for this motion the following:

1.  In preparation for the pending pretrial hearing, the defendants have filed a number of motions, including a Motion to Continue, the contents of which is incorporated herein by reference.

2.  One ground for the Motion to Continue was a conflict with a previously-scheduled murder trial. Counsel for defendant Diaz has been obliged to continue with preparation for that matter until the scheduling conflict is resolved between the courts. This has included traveling to Worcester for a pretrial conference, meeting with the defendant in that matter, conferring

with the investigator in that matter, and reviewing recently-disclosed documents.

3. Additionally, counsel for defendant Diaz is scheduled to try a jury-of-six trial in Greenfield District Court on October 18, 2006, and has therefore been obliged to move preparation for that matter forward to this coming weekend to accommodate the Oct 17th hearing in Boston in the Cruz and Diaz matter. Although the state trial is a misdemeanor prosecution, it carries very serious potential immigration consequences for the defendant.

4. As a result of the mistrial in this case, Counsel for Cesar Cruz has been similarly forced to attend to responsibilities originally scheduled for a time period which had been anticipated to be clear of obligations to the federal court, while working together with counsel for Diaz to prepare motions and reconsider strategy in the instant case.

5. Both counsel have performed preliminary research into grounds for dismissal arising out of the mistrial in this case, and have concluded that access to transcripts of the terminated trial, and of other pretrial proceedings, is essential to resolution of the misjoinder issue that contributed to the mistrial. These transcripts are necessary in order for counsel to adequately address the

issue of whether the mistrial resulted from culpable conduct on the part of the government, depriving the defendants of a right to be tried before the jury originally selected, sparing them the need to go through a duplicate proceeding as to the witnesses already called, and terminating a trial in which evidence favorable to them had been adduced.  It is already apparent from proceedings at the time of the mistrial, and subsequent discussions with the prosecutor, that memories differ as to the representations made by the government as to the scope of the conspiracy alleged by the government.  This controversy would be best resolved by resort to the transcript.

6. Counsel understands from the stenographer that a complete transcript will in all probability not be available until mid-November.  Counsel have requested production of the transcript, as well as transcripts of two relatively brief pretrial hearings.

7. Counsel have only completed preliminary research on the issue of late disclosure of exculpatory evidence, but have already concluded that further investigation is warranted in order to determine the materiality of some of the factual material disclosed on the third day of trial.  Some efforts in that regard have been set in motion, but others must be deferred until after the pretrial hearing on October 17, 2006.  Defense counsel will require a reasonable period of time

to determine the nature and dimensions of the claim which should be advanced on their clients' behalf.

8. In the event the murder case to be defended by Defendant Diaz's attorney goes forward as scheduled, counsel for Diaz will need at least two weeks reasonably clear of other responsibilities in advance of November 14, 2006 to prepare for that trial. His schedule is relatively free to begin work on the Motion to Dismiss at the conclusion of the murder trial, which is expected to take one week.

9. Counsel for Cesar Cruz joins in this motion. Counsel are working together in order to submit a concise presentation of the defendants' claims, without unnecessary replication.

Wherefore the defendants respectfully request that the above-described relief be granted, and that a schedule consistent with the ruling on the Motion to Continue be made at the hearing on October 17, 2006.

DATED: October 12, 2006                Respectfully submitted,
                                       Ricardo Diaz, DEFENDANT


                          By:     /s/Terry Scott Nagel
                                  Terry Scott Nagel, Esq.
                                  95 State Street, Suite 918
                                  Springfield, MA 01103
                                  (413) 731-8811
                                  BBO#:  366430

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL No.  05-30042 MLW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | AFFIDAVIT IN SUPPORT |
| | ) | DEFENDANT'S MOTION |
| v. | ) | FOR RELIEF FROM |
| | ) | SCHEDULING ORDER |
| RICARDO DIAZ | ) | |

NOW comes the undersigned Terry Scott Nagel and says:

1.  My name is Terry Scott Nagel. I am a member of the bar of the Commonwealth of Massachusetts in good standing.  I have defended over 40 persons charged with homicide.  I represent Ricardo Diaz in this matter by appointment under the Criminal Justice Act.

2.  The factual representations in the foregoing Motion for Relief from Scheduling Order are true and accurate to the best of my knowledge and belief.

3.  The relief requested in this motion, and in the Motion to Continue, is based on other litigation responsibilities and counsels' best estimate of the time required to do an adequate job of preparation, and is not interposed for purposes of delay.

4.  Counsel for both defendants have met, conferred and agreed upon the foregoing motion.

Signed under the pains and penalties of perjury,

/s/Terry Scott Nagel
Terry Scott Nagel

1

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 12, 2006.

/s/ Terry Scott Nagel