UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 05-30042-MLW |
| v. | ) |
| | ) |
| 1. CESAR CRUZ | ) |
| 2. RICARDO DIAZ | ) |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION
FOR A BILL OF PARTICULARS**

The United States of America, by and through its attorneys Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Sharron A. Kearney, Assistant U.S. Attorney, hereby opposes the motion by defendants Cesar Cruz and Ricardo Diaz for a bill of particulars.

The above-referenced defendants have filed a joint motion for a bill of particulars seeking information concerning the drug conspiracy charged in Count One of the indictment which alleges the following:

> From a time known to the Grand Jury, but at least by or about January 2005, and continuing thereafter, in Springfield, and elsewhere in the District Massachusetts,
>
> **1. CESAR CRUZ**
>
> **2. RICARDO DIAZ**
>
> the defendants herein, did knowingly and intentionally conspire and agree with each other and with persons

unknown to the Grand Jury, to possess with intent to distribute, and to distribute, a quantity of cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

The defendants request that the government provide particulars including the names of all conspirators, any overt acts not enumerated in the complaint, the places where the overt acts occurred, and the dates the conspiracy began and ended.

"The function of a bill of particulars is to provide the defendant with the necessary details of the charges against him to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy."  United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir. 1992).  A bill of particulars should be granted only when the indictment is so vague that it does not comply with these purposes.  United States v. Bloom, 78 F.R.D. 591, 599 (E.D. Pa. 1977); see United States v. Andrus, 775 F.2d 825, 843 (7th Cir. 1985) (bill required only when indictment so general that it fails to advise defendant of the specific acts charged). Particularly where, as here, the government has already provided the discovery and we actually completed half of a trial, such a motion is completely unnecessary.

A request for a bill of particulars rests within the sound discretion of the trial court. United States v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989); United States v. Arboleda, 929 F.2d 858, 869 (1st Cir. 1991). The test is not whether the particulars sought would be "useful" to the defense but whether the information is "necessary." United States v. Guerrerio, 670 F. Supp. 1215, 1224 (S.D. N.Y. 1987). A bill is also not an appropriate way of obtaining information on evidentiary matters and is not designed to permit defendants to preview the evidence or the government's theory of the case. See United States v. Johnson, 504 F.2d 622, 628 (7th Cir. 1974); Overton v. United States, 403 F.2d 444, 446 (5th Cir. 1986); Hemphill v. United States, 392 F.2d 45, 49 (8th Cir.); United States v. Wolfson, 413 F.2d 804, 808 (2d Cir. 1969) (identities of persons present at time of offense). United States v. Remy, 658 F. Supp. 661, 669-70 (S.D.N.Y. 1987) (government not under any duty to detail "precise manner in which crimes alleged in the indictment were committed"); United States v. Finley, 705 F. Supp. 1272, 1278 (N.D. Ill. 1988) (government not required to provide defendant with details of the evidence it intends to introduce or the purposes for which it intends to introduce the evidence).

In this case, the government has provided voluminous discovery materials, including FBI reports related to both these defendants and the investigation itself, grand jury testimony of the

cooperating witness and the case agent, and other additional information that far exceeds what is required. In addition to the discovery, we already conducted more than half of a two witness trial. Through the government's opening statement to the jury, the defendants were made aware of exactly what the government intended to prove and what evidence would be presented. Because this information has given defendants substantial details of the alleged offense, a bill of particulars is not necessary or warranted. See United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983) (government may obviate need for bill of particulars by disclosing additional details about charges during discovery).

Furthermore, courts routinely deny motions for bills of particulars that seek the precise date on which conspirators agreed to their illegal plan. See, e.g., United States v. Dicesare, 765 F.2d 890, 897-98 (9th Cir. 1985); United States v. Long, 449 F.2d 288, 294-95 (8th Cir. 1971). Indeed, in Paiva, supra, the First Circuit upheld the district court's denial of a motion for bill of particulars in a cocaine conspiracy case in which the defendant requested "the precise dates upon which the conspiracy began and ended, and the precise dates upon which he [i.e. the defendant] allegedly joined and withdrew from the conspiracy." 892 F.2d at 153. The First Circuit held that the information provided in the indictment and in discovery was sufficient to prevent the defendant

from being unfairly surprised at trial. Id. at 152-53. This case is no different from Paiva and requires the same result.

Accordingly, the government respectfully requests that the motion be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:
/s/ Sharron A. Kearney
Sharron A. Kearney
Andrew E. Lelling
Assistant U.S. Attorneys

Dated: October 13, 2006