UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v.        ] | No. 05-CR-30042-MLW |
| ] | |
| CESAR CRUZ and     ] | |
| RICARDO DIAZ     ] | |

**GOVERNMENT'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS**

The United States hereby submits this response to the defendants' *Motion to Dismiss, or in the Alternative, to Suppress Testimony of Julian Rios*. As noted below, while the Government does not agree that the defendants have been prejudiced by the past disclosure failures presented in this case, the Government nevertheless concludes that, in the interest of fairness to these defendants, in light of all the discovery failures presented in this case, and their timing, it does not oppose entry of an order of dismissal.

**1.    THE MERITS OF THE DEFENDANTS' MOTION TO DISMISS**

The defendants' motion seeks a dismissal of this case with prejudice, based on (a) the government's late disclosure of documents; (b) the government's alleged change of theory midstream regarding the scope of the conspiracy charged in Count 1 of the indictment; and (c) defendants' assertion that the government cannot use civilians as cooperators who engage in what would otherwise be illegal activity.

As to the first argument, during his testimony on September 26, 2006, Special Agent Mark Karangekis of the Federal Bureau of Investigation described documents that counsel for the government had not previously disclosed to the defendants. The defendants raised this point and the

Court ordered the government to immediately investigate. The government did so that day following the trial. In a letter addressed to the Court that night, trial counsel for the Government acknowledged that it had found additional documents in a review of Rios' cooperating witness file maintained by the FBI, which documents should have been previously produced to the defendants. (Letter from government counsel to Court, Sept. 26, 2006). The documents were produced the next morning, along with other materials provided to the Court *in camera.*

Certain of these documents could have impacted the defendants' theory at trial, and had the trial continued, the defendants could have been potentially prejudiced by the late disclosure. By thereafter granting a mistrial on other grounds, the continuance, the Government believes, under established First Circuit precedent, moots the issue of potential prejudice as to the late disclosure of those documents. With the trial scheduled for January 2, 2007, any prejudice from the late disclosure of those documents was thus cured, as the delay provided the defendants with enough time to investigate the new information and rethink their strategy. The prior failure by counsel for the government to disclose those documents was not intentional, as defendants acknowledge in their memorandum, and the defendants have been given time to re-assess their defense.

The defendants' second argument is similarly without merit. The government has never changed its theory of the conspiracy charged in Count 1 of the indictment, that is, it has always maintained that the second drug buy (Count 3) was not part of the conspiracy charged in Count 1.[1] Although charged in open-ended fashion, Count 1 does not even include the controlled substance allegedly sold in Count 3. Moreover, in the pretrial hearing on August 9, 2006, the government did

---

[1] The indictment charges (1) conspiracy to possess with intent to distribute, and distribute, cocaine; (2) possession with intent to distribute, and distribution of, cocaine (January 5, 2005); and (3) possession with intent to distribute, and distribution of, cocaine base (March 30, 2005).

not say that both drug buys were in the conspiracy. The government first clarified what drug buys were at issue in the case and then, returning to a point it made moments before, stated that the January 7, 2005, telephone call between DIAZ and the CW was crucial evidence of the conspiracy. Defendants' counsel misunderstood the government -- which, on a re-reading of the cold record, was not unreasonable -- but that misunderstanding is not a due process violation.

Similarly, the third argument defendants make is unpersuasive. The defendants claim that it is illegal for the federal government to have civilians participate in nonviolent illegal activities in a controlled setting. This argument flies in the face of decades of law enforcement practice and judicial acknowledgment of the same. Defendants reach their conclusion only through a misreading of the *Attorney General's Guidelines Regarding the Use of Confidential Informants* ("*AG Guidelines*"), raising that guidance to the status of law, and downplaying certain practical problems with their argument.

Because of the ultimate conclusion reached by the Government in this pleading, the Government does not more fulsomely counter with a discussion of appropriate authority any of the defendants' arguments.

**2.     ADDITIONAL DISCOVERY FAILURE**

During the course of responding to the instant motion to dismiss, the Government further evaluated the documents already produced. In the course of that evaluation and additional questioning of its agents, counsel for the Government learned yesterday afternoon of the existence of a confidential informant file for the witness Rios. A review of the contents of that file this morning demonstrates (1) that it predates the cooperating witness file previously reviewed (and from which the documents described above were produced); and (2) that it contains numerous additional

documents which had not been provided to the defendants but which should have been produced. The file reflects that Rios was opened as a confidential informant by the government in April 2004, was debriefed occasionally through September 2004 about activities of the Latin Kings, and was paid for that information. The file does not contain any references to the drug transactions charged in the instant indictment, and thus contains no information that counsel for the government believes to be exculpatory. The file, however, plainly contains Jencks and impeachment material regarding Rios.

Given the lateness in the case of the discovery of this file containing materials which should have been provided to defendants months ago, and coming as it does following the late disclosures made during the first trial in September, counsel for the Government believes that the appropriate and just position for it to take at this junction is not to oppose the defendants' motion to dismiss. Given the government's position herein, the Government is not providing the file with this pleading; the file is available for the Court's review should it wish to review it.

> Very truly yours,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> By:   */s/ Michael K. Loucks*
> MICHAEL K. LOUCKS
> Acting United States Attorney

December 14, 2006

**CERTIFICATE OF SERVICE**

      I hereby certify that, on December 14, 2006, the foregoing document, filed this date through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non registered participants.

                                    /s/ *Andrew E. Lelling*
                                    Andrew E. Lelling