UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v. ] | No. 05-CR-30042-MLW |
| ] | |
| CESAR CRUZ and ] | |
| RICARDO DIAZ ] | |

**GOVERNMENT'S MOTION TO DISMISS WITHOUT PREJUDICE**

The United States hereby moves to dismiss, without prejudice, the indictment currently pending in this case. As grounds for this motion the United States states the following:

1. On November 30, 2006, the defendants moved to dismiss this matter, in part because of the government's inadvertent late disclosure of documents during trial in September 2006. Those documents were from the Federal Bureau of Investigation's ("FBI") cooperating witness file for Julian Rios. The defendants did not specify whether they sought dismissal with or without prejudice.

2. After November 30 the government began preparing its memorandum in opposition to the defendants' motion. In the course of additional questioning of its agents, on December 13, 2006, the day before the government's response was due, counsel for the government was told for the first time that the FBI had a confidential informant file for Rios, separate from Rios's cooperating witness file. A review of the contents of the confidential informant file the next morning confirmed that it predates the cooperating witness file, and contains additional documents which had not been provided to the defendants but which should have been produced.

3. In late November 2006, the FBI lost contact with Rios, who is not in custody and is living elsewhere in the United States. In the ensuing weeks local police and federal agents searched for him. On or about December 11, 2006, the FBI received telephone contact from Rios, but could not verify his location, and it appears he has not contacted the FBI since.

4. Because of a rare combination of factors in this case, *i.e.*, a previous inadvertent failure to disclose; admonitions from the Court to correct the error, followed by representations by the government that proper disclosure had finally been made; the present unavailability of a witness needed to prove the government's case beyond a reasonable doubt; and now discovery of a separate file government counsel was unaware of and which rendered its previous representations inaccurate, counsel for the government believes that the fair and just position for it to take at this juncture is a dismissal of this case without prejudice.

5. The government moves for dismissal *without* prejudice, as opposed to *with* prejudice, because under relevant precedent the errors in this case, however serious, do not warrant such a drastic result. Dismissal with prejudice should be reserved for those "rare and extreme" circumstances involving bad faith by the government and substantial prejudice to the defense. The errors here were inexcusable but unintentional, and it does not appear that defendants would be substantially prejudiced in a retrial of this matter. That said, the government has represented to counsel, and hereby represents to the Court, that it will not re-charge these defendants for the conduct underlying the indictment.

6. On December 15, 2006, counsel for the government called counsel for both defendants and informed them of the reasons for the government's position and its present inability

to locate Rios. The government proposed a dismissal without prejudice, along with a representation that the government would not re-charge the defendants for the conduct underlying this indictment. Counsel for the defendants conferred privately and informed the government that they would accept dismissal on those terms.

7. The government incorporates by reference the additional facts stated in the accompanying affidavit of First Assistant U.S. Attorney Michael K. Loucks.

WHEREFORE, the United States submits that this motion is in the interests of justice, and asks that this matter be dismissed without prejudice.

                                      Respectfully submitted,

By: _____
MICHAEL K. LOUCKS
First Assistant United States Attorney

Date: December 19, 2006