UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v.    ] | No.  05-CR-30042-MLW |
| ] | |
| CESAR CRUZ and    ] | |
| RICARDO DIAZ    ] | |

**AFFIDAVIT IN SUPPORT OF GOVERNMENT'S MOTION
TO DISMISS WITHOUT PREJUDICE**

I, Michael K. Loucks, First Assistant United States Attorney, being duly sworn, state as follows:

1. The information in this affidavit is based on my personal knowledge, my personal review of certain documents in the Federal Bureau of Investigation's ("FBI") files regarding Julian Rios ("Rios"), and on discussions with line prosecutors in the U.S. Attorney's Office in Boston and Springfield.  Immediately following the mistrial in September 2006 in this case I met with line prosecutors and their supervisors and I have also reviewed a copy of the defendants' motion to dismiss.  In the last week I have met with or spoken by telephone with AUSAs Andrew Lelling, Sharron Kearney and Paul Smyth as well as Michael Pelgro, Chief of the Drug Task Force Unit and Laura Kaplan, Section Chief of the Violent and Organized Crime Section.

2. In the course of preparing a memorandum in opposition to the defendants' motion to dismiss, the line prosecutors called the FBI to clarify certain document issues related to Rios.  On the afternoon of December 13, 2006, the line prosecutors learned for the first time that the FBI had a confidential informant file for Rios, for the period between April

       2004 to September 2004, separate from the cooperating witness file (opened in September 2004). I immediately requested that the entire file be delivered to me for review and I received it on the morning of December 14, 2006.

3. I have reviewed the confidential informant file. It contains an "opening memo" (for Rios as an informant, before the one created for Rios as a cooperating witness); about seven FBI 302 reports on information given by Rios, though they do not concern the specific defendants in this case; and administrative documents related to payments to Rios. The file plainly contains materials that should have been disclosed to defense counsel.

4. I am also informed that, in late November 2006, the FBI lost contact with Rios, who is not in custody and is living elsewhere in the United States. I am told that in the ensuing weeks local police and federal agents searched for him, and continue to do so. On or about December 11, 2006, the FBI received telephone contact from Rios, but could not verify his location, and it appears the FBI has not talked to him since.

5. After discussions with the line prosecutors, prosecutors in the Springfield branch office, and the FBI, the U.S. Attorney has concluded that, in light of the unusual circumstances of this case, a dismissal of this case without prejudice, coupled with a representation to the defendants that the U.S. Attorney's Office will not re-charge them for the conduct underlying the indictment, is in the public interest. It is the view of the U.S. Attorney that the public has a strong interest in the government firmly prosecuting crime, but the public also has a strong interest in the government being held to a high standard as it does so. Here, the government has, however unwittingly, committed two significant errors, in a case that, at this time, probably cannot be proven beyond a reasonable doubt because the

cooperating witness is unavailable. It would not be fair to keep these defendants under indictment in these circumstances.

6.  On December 15, 2006, the line prosecutors called counsel for both defendants and informed them of the reasons for the government's position and its present inability to locate Rios. The government proposed a dismissal without prejudice, along with a representation that the government would not re-charge the defendants for the conduct underlying this indictment. I am told that counsel for the defendants conferred privately and informed the government that they would accept dismissal on those terms.

I, Michael K. Loucks, having signed this affidavit under oath as to all assertions and allegations contained herein, state that its contents are true and correct to the best of my knowledge, information and belief.

                                                                _____
                                                                Michael K. Loucks
                                                                First Assistant U.S. Attorney